## McKNIGHT v. COOPER.

1. The court, in its discretion, may permit an amendment to a pleading, provided such amendment does not entirely change the nature of the action or defence.

2. In action for the recovery of land, the defendant claimed the value of improvements erected by him thereon, alleging that he entered into possession under a purchase believed by him at the time to be in fee. After an oral demurrer to this claim, defendant was permitted by the Circuit Judge to amend his answer and allege that at the time both of purchase and of erecting the improvements he believed his title to be good in fee. *Held*, that the claim was for the value of improvements, and the amendment only alleged an additional fact in support of the same claim; and therefore the amendment was legitimate.

Before WITHERSPOON, J., Williamsburg, February, 1887.

The opinion fully states the case.

*Mr. H. J. Haynsworth*, for appellants.

*Messrs. T. M. Gilland* and *M. J. Hirsch*, contra.

July 4, 1887.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The action below was to recover a certain tract of land situate in Williamsburg County from the defendant, respondent. The respondent's answer averred title in himself, and, further, in the event that this defence failed, that he entered into possession under a purchase from one Newsome, believing at that time that he had a good title in fee, and that he had made improvements thereon of the value of $1,500.   And he demanded, first, that the complaint be dismissed; second, failing in this, he claimed compensation for his improvements.   At the trial it was admitted that the plaintiffs had the title, and the case proceeded on the question of improvements, the respondent being the actor thereon.   At the close of defendant's testimony upon this matter, the appellants put up no witnesses, but interposed an oral demurrer to so much of respondent's answer as claimed compensation for his improvements, the demurrer being based upon the fact that the respondent had alleged no more in his answer than that "he believed he had a good title in fee *at the time of his purchase;* whereas, to entitle the respondent to recover he should have averred a belief of good title *at the time the improvements were made*, which averment not having been made, the facts alleged constituted no defence."

Upon an intimation from the judge that he would sustain the demurrer, the respondent moved to amend his answer, and leave being granted, the respondent substituted the following in place of the former answer, to wit: "That the defendant purchased the tract of land some time in 1871, and at that time went into possession, and since then had made valuable improvements on said premises, erecting buildings and clearing lands of the value of $1,500, he believing at the time of said purchase, and at the time of making such improvements, that his title to said premises was good in fee." The appellants having declined to ask for a continuance, the trial then proceeded, which resulted in a verdict for the respondent for $500, the amount that the land had been increased in value, after deducting $300 for damages to the plaintiffs.

The appeal is based upon the following exceptions: 1. Because the said amendment changed substantially the claim or defence set forth in the defendant's answer. 2. Because it was error to allow the said amendment after the close of the testimony, and after the defendant had failed to prove that he had a good title in fee *at the time he made the improvements.*

As is stated in the argument of appellant's counsel, the right to improvements in cases like that before the court is a statutory right, and there are two acts upon the subject: 1st. General Statutes, sections 1835–1841, amended by act of 1885, p. 432; and, 2d. Act of 1885, p. 343. The first act provides for the recovery by the improving tenant, of the value of such improvements as he, or those under whom he claims, may have erected, upon the condition, however, that he believed *at the time of his purchase* of the premises, that he had obtained a good title; the second provides for such recovery, where he has erected the improvements himself, believing *at the time of such erection* that his title was good—the difference between them being, that under the first act improvements made by the party under whom the defendant claims, as well as those made by himself, may be recovered, provided, however, that he believed when he purchased the land that he was getting a good title, while under the second act he can recover only for such improvements as were made by himself, and when at the time they were made he believed his title was perfect.

The claim here seems to have been made under the first act, as the averment in the answer stated that respondent made the improvements under the belief that at the time of his purchase his title was good in fee. It is stated in the "Case" that the respondent failed to prove this averment, and at that stage of the trial the demurrer was interposed, to avoid which, after an intimation from his honor, the motion to amend was made. There has been no appeal from the order sustaining the demurrer, for the reason, perhaps, that no such order was actually entered—it was only intimated—and the respondent thought it safest to remedy his answer by the motion to amend, which was granted.

The code provides : "That the court may, before or after judgment in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case ; or when the amendment does not change substantially the claim or defence by conforming the pleading or proceeding to the facts proved." This section of the code is the authority for amendments under the present practice, and it is very broad and wide, conferring in furtherance of justice considerable power upon this subject upon the courts. Indeed, it would seem at first that this power was almost unlimited, except that it is subject to the exercise of a mere discretion, and in some of the States, perhaps, unappealable. We have not, however, in this State gone that far. But we have said that much should be left to his discretion in such matters. While saying this, however, we have further held that this discretion is bounded at least by one limitation, to wit, that the amendment should not entirely change the nature or cause of action or defence. *Trumbo* v. *Finley*, 18 *S. C.*, 305 ; *Whaley* v. *Stevens*, 21 *Id.*, 221.

The question here, then, is, did the amendment complained of violate this rule ? Did it change the character of defendant's position ? Did it allow him to present a new and altogether different claim from the one presented in his original answer ? The respondent, although he appeared upon the record below as a defendant, yet in the claims which he made for the value of his improvements he was really occupying the position of a plaintiff.

He admitted the plaintiffs' title to the land in dispute, and set up in his answer his right to said improvements. His answer may be regarded, therefore, as a statement of his cause of action against the plaintiffs, which generally he would have been compelled to assert by summons and complaint, but under the act in reference to improvements he was allowed to assert as he did. Looking at the answer, then, as a complaint, what was the cause of action upon which he relied? It was a demand for the value of certain improvements which he had placed upon the premises of the plaintiffs, and which we must suppose the plaintiffs had refused to pay.

Now, has the amendment allowed by the Circuit Court changed this cause of action, and authorized the allegation of a new and altogether different cause? Or has it done no more than permit new allegations in support of the original cause? If it has done the former, then the Circuit Judge went beyond the authorities. If, however, nothing more than the latter was allowed, then the amendment was entirely legitimate. It will be observed that the code in terms authorizes the insertion of allegations material to the case, either before or after judgment. The case here, as we have said, was for the value of the improvements, but it was defective: not, however, in the claim or case, but in the allegations material to said case, and the amendment seems to have allowed respondent to remedy this defect. The defendant still claims his improvements, and he claims nothing more than he did at first. His original cause of action, as we have said, was founded upon his alleged right to compensation and the refusal of the plaintiffs to pay for improvements. This is still his cause of action, and by his amendment he only inserts an additional material fact, why his claim is well founded, and in support thereof.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.