## LOCKWOOD v. CHARLESTON BRIDGE CO.

1. PLEADINGS—COMPLAINT.—AN AMENDMENT not substantially changing a cause of action alleged in a complaint, is not error.

2. IBID.—ANSWER—SERVICE.—It is within the discretion of a Circuit Judge to require an answer to be served to an amended complaint in less than twenty days. Code, 167, applies only where no time is fixed in the order.

3. IBID.— CONSTRUCTION— COMPLAINT— JUDICIAL NOTICE.— Pleadings must be liberally construed, and under this rule a complaint alleging the corporate existence of defendant at the time of service, and that its servants negligently managed its property some months before, impliedly alleges its corporate existence at time of accident, and from these allegations the ownership by the corporation of the

property so managed and its duty to manage it with care are inferred, and the Court will also assist indefinite allegations by taking judicial notice that a stream alleged is a navigable stream and its obstruction unlawful.

4. DEMURRER—PLEADINGS.—MOTION TO MAKE DEFINITE and not demurrer is the proper remedy for indefinite pleading.

5. REHEARING refused.

Before GARY, J., Charleston, April, 1900.   Affirmed.

Action for damages by Robert H. Lockwood against Charleston Bridge Co. on following complaint:

"The above named plaintiff, Robert H. Lockwood, complaining of the above named defendant, the Charleston Bridge Co., alleges:

"First. That the above named defendant, the Charleston Bridge Co., is a corporation under the laws of South Carolina, and owns and operates a bridge with a draw therein, across Ashley River, in the county of Charleston, S. C.

"Second. That said bridge has a draw and drawbridge for the purpose of permitting vessels to navigate the river, and it is the duty of the said defendant to employ servants or agents to work and manage said draw and drawbridge, so as to permit the passage of vessels.

"Third. That plaintiff above named is the sole owner of the tug 'Cecilia,' a steam vessel, duly licensed and enrolled as a vessel of the United States, and engaged in the navigation of the waters of the United States, and that her home port is Charleston, S .C., and at the times hereinafter mentioned she was fully manned and equipped, and thoroughly sound and seaworthy in every particular.

"Fourth. That on or about the 26th day of February, 1899, the tug 'Cecilia,' with lighters in tow, proceeded northwardly up the Ashley River, and upon approaching the bridge of the Charleston Bridge Co., blew four blasts of her whistle for the draw to open; there being some delay, four additional blasts of the whistle were blown, the engines stopped, and the tug and tow drifted up with the flood tide toward the bridge.

"Fifth. At the second signal of four blasts, the draw-bridge was swung round and the draw opened; and when it was wide open, the tug started through, but the servants of the defendant, who were opening the drawbridge, then and there opened and operated the same in such a careless and negligent manner as to swing the east end of the drawbridge over to the west side, so that it struck the 'Cecilia,' tearing away her pilot house, the starboard side of the lower house, starting the cross carlins and upper deck, breaking and bending the side rail, and otherwise injuring her superstructure, and greatly damaging the tug 'Cecilia,' to the amount of $1,200.

"Sixth. That the tug 'Cecilia' was navigated and managed with care and skill, and her damage is due wholly and solely to the neglect and carelessness of the defendant, its servants or agents, in opening and operating said drawbridge as aforesaid."

From (1) order requiring defendant to answer amended complaint, and (2) order refusing to dismiss the amended complaint on demurrer, the defendant appeals.

*Messrs. Ficken, Hughes & Ficken,* for appellant, cite: *Error not to give defendant twenty days to answer amended complaint:* Code, 167, 164; 29 St. R., 153, C. P.; 37 S. C., 339. *No allegation that plaintiff is owner of tug, and demurrer should have been sustained:* 13 S. C., 441; 18 S. C., 313; 27 S. C., 558.

*Messrs. Mitchell & Smith,* contra, cite: *As to the right of amendment:* 48 S. C., 564; 56 S. C., 88; 55 S. C., 90; 53 S. C., 315; 16 S. C., 232; 13 S. C., 491. *Pleadings must be liberally construed on demurrer:* 51 S. C., 436. *Where there is indefiniteness in allegations, remedy is by motion to make definite and not demurrer:* 53 S. C., 244, 583; 51 S. C., 495; 37 S. C., 327; 40 S. C., 538. *Courts will take judicial notice of the navigability of large streams:* 28 Ind., 257;

26 Kan., 682; 64 N. W., 239; 7 Pet., 324; 11 La. Ann., 432; 15 Vroom., 77; Rev. Stat., 1159; 91 U. S., 42. *Acts relating to Charleston Bridge Co. are:* 6 Stat., 53, 204; 9 Stat., 434, 449, 601; 18 Stat., 74.

This opinion was filed March 15, 1901, but remittitur stayed on March 22, 1901, until

April 20, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case presents two questions in reference to matter of pleading: (1) Whether the Circuit Judge erred in not allowing the defendant twenty days within which to answer the amended complaint. (2) Whether there was error in refusing defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.

1. The complaint, which is officially reported herewith, was served 14th September, 1899, and was to recover damages for alleged negligence of defendant in operating the draw span of its bridge over Ashley River so as to cause the span to collide with and injure plaintiff's tug while passing through the draw. After the answer was in, plaintiff on 16th April, 1900, obtained an order permitting him to amend the complaint so as to allege $1,700 damages instead of $1,200 as alleged in the original complaint. On the same day the defendant, on motion, was granted an order allowing the answer to be amended so as to allege a specified defense. The order allowing plaintiff to amend provided that a copy be forthwith served upon the attorney for defendant, and that defendant may amend its answer thereto in such time as not to prejudice or prevent the trial of the cause as fixed for trial at the term then holding. The order allowing defendant to amend the answer also provided that it should not operate to deprive the plaintiff of a right of trial at said term. The case was called for trial on the 19th April, 1900, and defendant served its

amended answer containing the particular matter provided
for in the order allowing amendment.   We see no abuse of
discretion in the order appealed from.   The amendment to
the complaint provided for did not substantially change the
cause of action.   It merely affected the extent of
relief prayed for, and we see no reason why it should
operate to the surprise of the defendant.   At any
rate, it was not shown to the Circuit Court that it did so
operate.   The requirement of sec. 167 of the Code, that the
defendant must answer an amended complaint within twenty
days, does not confer the right to have twenty days to
answer, but merely limits the time within which answer must
be made, in the absence of an order providing a shorter time.
It is, nevertheless, within the discretion of the Circuit Court
to provide for such answer within less than twenty days.

2. The motion to dismiss the complaint was properly
overruled.   The specifications of deficiency were:

"1. Because there was no allegation therein that at the
time of the happening of the alleged injury the said
defendant was a corporation.

"2. Because there was no allegation therein that at
the time above mentioned the said plaintiff was the owner
of the said tug 'Cecilia.'

"3. Because there was no allegation therein that at the
time above mentioned, the said defendant owned or operated
a bridge having a draw open therein, and that it was the duty
of the said defendant to so operate such draw span as to
permit the passage of vessels through said bridge.

"4. Because there was no allegation therein that the said
tug had at the time above mentionel, the right to pass
through said bridge."

In determining this question the pleadings must be liber-
ally construed.   *Guy* v. *McDaniel,* 51 S. C., 436.   The first
paragraph of the complaint alleges the corporate existence
of the defendants at the time of the commencement of the
action.   The time of the alleged injury was some six or
seven months previous to the action.   The fourth paragraph

alleges that on or about the 26th day of February, 1899, the tug was "approaching the bridge of the Charleston Bridge Co.;" and in the fifth paragraph it is alleged that when the tug started through the draw span (26th February, 1899), "the servants of the defendant, who were opening the draw- bridge, then and there opened and operated the same, &c." While it is true the complaint lacks perspicacity, a liberal construction would treat the complaint as meaning to allege the corporate existence at the time of accident, since it is a necessary inference that the defendant was then a corpora- tion if its servants were then operating the drawbridge, as it could not have servants without existing. For the same reason, so much of the third specification above as alleges that there was no allegation that the defendant owned and operated the bridge on the 26th February, 1899, must fail, a liberal construction showing that the servants of the al- leged corporation were then operating the bridge belonging to the defendant. If the defendant corporation was owning and operating, through its servants, the said drawbridge at the time of the accident, then its duty to so operate as to permit the passage of vessels, and the right of plaintiff's tug to pass through, would follow, as the Court will take judi- cial notice that Ashley River, near Charleston, is a navigable stream, and as such a highway which cannot be obstructed except as expressly provided for by the General Assembly. Rev. Stats., sec. 1159. The remaining specification is the second, viz: that there is no allegation that the plain- tiff was the owner of the tug at the time of the injury. In this regard the complaint lacks definite- ness and certainty, but sufficient appears to justify the over- ruling of the motion to dismiss. A motion to make more definite and certain was the proper remedy.

The orders of the Circuit Court are affirmed.

Upon filing petition for rehearing on March 22, 1901, remittitur was stayed until April 20, 1901, when following order was filed:

32—60

PER CURIAM. After carefully considering this petition, the Court has been unable to discover that any material fact or principle of law has been either overlooked or disregarded. There is no ground for a rehearing.

It is, therefore, ordered, that the petition be dismissed, and the stay of remittitur heretofore granted be revoked.