## PICKETT v. SOUTHERN RY.—CAROLINA DIVISION.

1. PLEADINGS—AMENDING.—One new trial granted by Supreme Court, another by Circuit Court, in setting aside the second verdict, do not control a Circuit Judge in permitting the complaint amended, and such amendments are amendments before trial and not amendments during or after trial.

2. IBID.—IBID.—Under Code of Proc., 194, allegations of a complaint may be stricken out on motion to amend in that way.

3. IBID.—IBID.—CAUSE OF ACTION.—A complaint may be amended on motion under Code 194, by alleging an additional act of negligence and increasing amount of damages, and such amendments do not state a new cause of action, but merely new facts or issues pertinent to the cause of action alleged. Does Code 194 authorize an amendment before trial which substantially changes the cause of action or defense?

4. NEW TRIAL—CONTRIBUTORY NEGLIGENCE.—Effect of order granting new trial because preponderance of evidence shows that plaintiff was guilty of contributory negligence is merely to restore the case to its original status, is not finding of fact reviewable on appeal, and is not a final determination of the fact so as to warrant dismissal of the complaint by this Court.

Before GAGE, J., Richland, September, 1905. Affirmed.

Action by John Alexander Pickett, by guardian, against Southern Railway—Carolina Division. From order permitting amendments to complaint, defendant appeals.

*Messrs. W. C. Benet* and *E. M. Thomson,* for appellant. *Mr. Benet* cites: *As to construction of sec. 194:* 21 S. C., 226; 30 S. C., 564; 10 S. C., 101; 72 S. C., 137. *Finding*

of *Judge on second trial that defendant was guilty of con-*
*tributory negligence warrants dismissal of complaint:* 56
S. C., 95; 47 S. C., 517; 25 S. C., 173; 19 S. C., 94; 5 S. C.,
70; 14 S. C., 61, 431; 17 S. C., 137.

*Messrs. Nelson & Nelson* and *Melton & Belser,* contra,
cite: *Amendment by striking out is permissible:* 40 S. C.,
525; 37 S. C., 335; 9 S. C., 330; 21 S. C., 242; 32 S. C.,
142; 64 S. C., 92; 30 S. C., 475; 37 S. C., 335; 53 S. C.,
315; 54 S. C., 114; 63 S. C., 307; 68 S. C., 506; 1 Ency.
P. & P., 562, 516, 590; 1 Greene, 147; 9 S. C., 334; 10
S. C., 101. *Motion before final judgment is motion before
trial:* 30 S. C., 564. *Discretion as to amendments will not
be disturbed except for abuse:* 28 S. C., 386; 13 S. C., 491;
18 S. C., 315; 70 S. C., 344. *Cause of action may be stricken
out:* 70 S. C., 243; 1 Ency. P. & P., 618; 30 S. C., 574;
54 S. C., 113. *Change of amount of damages demanded:*
1 Ency. P. & P., 586, 590; 60 S. C., 495. *Amendments do
not make entirely new action:* 32 S. C., 142; 30 S. C., 575;
63 S. C., 307; 54 S. C., 113; 68 S. C., 506. *Findings at
one trial are not binding on second:* 14 Ency. P. & P., 992;
64 S. C., 242.

April 18, 1906. The opinion of the Court was delivered by

Mr. Justice Jones. This appeal is from an order of
Judge Gage allowing the complaint to be amended. The
complaint, after stating that plaintiff is a minor of the age
of sixteen years, and the appointment of Martha E. Pickett
as his guardian *ad litem,* and after stating the incorporation
of the defendant and its operation of the railroad referred
to, alleged as follows:

"4. That on the twenty-seventh day of December, 1901,
the plaintiff went to said depot at St. Matthews for the pur-
pose of securing transportation therefrom over said line of
railroad to the said city of Columbia upon the regular pas-
senger train thereon, which according to the schedule then
of force passed said depot at or about thirty-four minutes

past 8 o'clock in the evening; that plaintiff reached said depot in ample time to permit him to purchase his ticket and board said train before it left said station; that although it was then a very short time before said train was due, there was no agent at the ticket office at said station, and plaintiff was unable to get a ticket thereat; that plaintiff finally found said agent out at the train, after same had arrived at said station, and applied to him to have said train wait until plaintiff could obtain a ticket and get on board the cars; that said train having in the meantime begun to move away from said station, said agent told plaintiff to board the same at once, and thereupon plaintiff climbed upon the steps of the nearest car as the same was moving slowly past, and proceeded to go up into said car; that while plaintiff was still upon the steps of said car and before he could pass therefrom on to the platform or into the interior thereof, the said train by reason of the negligent, careless and reckless management thereof on the part of the employees in charge of the same, was caused to give a sudden and violent jerk and lurch, hurling the plaintiff from the steps of said car to the ground and beneath the wheels of said car, whereby plaintiff's right arm was so crushed and mangled that it had to be removed at the shoulder, his right ear was cut and torn, and his head and face lacerated, bruised and scarred, and thereafter for a long time this plaintiff suffered great bodily pain, is permanently injured and disabled, and is and will be incapacitated from pursuing any active calling.

"5. That the said injuries as aforesaid were caused to the plaintiff by the negligence, fault, carelessness and recklessness of said South Carolina and Georgia Railroad Company, its agents or lessees, in not having and keeping at said ticket office at said time an agent, or other means, for supplying plaintiff with the ticket required for transportation over said railroad, in failing to provide at said station a careful and competent agent for the transaction of its business; and in providing thereat an agent who was careless, incompetent and inattentive to his duties, and in failing to have said train

wait or stopped to permit plaintiff to board same, and in directing plaintiff to get aboard said train while it was moving off as aforesaid, and in causing said train to give a sudden and violent lurch and jerk in the manner it did while plaintiff was upon the steps of said car and in the act of boarding the same as aforesaid; by reason of all and each of which negligent, careless and reckless acts the plaintiff was wounded and injured in the manner aforesaid.

"6. That the injuries aforesaid to the plaintiff were caused by the wrongful acts, fault, default, negligence and recklessness of said South Carolina and Georgia Railroad Company, its agents or lessees, in the manner before mentioned, whereby the plaintiff has suffered great and long continued bodily pain, was and is incapacitated for work, was caused great expense for medical treatment, has been maimed and permanently injured, and prevented from pursuing any active calling in life, and otherwise hurt and injured to his damage $10,000

"Wherefore, the plaintiff demands judgment against the defendant for the sum of $10,000 and for the costs and disbursements of his action."

On notice duly served the plaintiff moved to amend the complaint in the following particulars:

"(a) By striking out in the twenty-third line of paragraph 4 of the complaint, the words 'careless and reckless' and inserting in lieu thereof the words 'and careless.'

"(b) By striking out paragraph 5 of the said complaint and inserting in lieu thereof the following: 'That the said injuries as aforesaid were caused to the plaintiff by the negligence, fault and carelessness of the said South Carolina and Georgia Railroad Company, its agents or lessees, in not having and keeping at said ticket office at said time an agent, or other means for supplying plaintiff with the ticket required for transportation over said railroad (and in failing to assist plaintiff to get aboard said train, though the said railroad company, its agents and servants, saw and knew that plaintiff was young and inexperienced, and the starting

and movement of said train would render it difficult to board same, and knew, or in the exercise of ordinary care ought to have known, that plaintiff needed assistance to get aboard of same safely) ; and in directing plaintiff to get aboard said train while it was moving off as aforesaid; and in causing said train to give a sudden and violent lurch and jerk in the manner it did while plaintiff was upon the steps of said car and in the act of boarding the same as aforesaid; by reason of all and each of which negligent and careless acts the plaintiff was wounded and injured in the manner aforesaid.'

"(c) By striking out in the second and third lines of paragraph 6 of the complaint the words 'negligence and recklessness' and inserting in lieu thereof the words 'and negligence.'

"(d) By striking out in the ninth line of paragraph 6 the word 'ten' and in serting in lieu thereof the word 'twenty-five.'

"(e) By striking out in the second line of the prayer the word 'ten' and inserting in lieu thereof the word 'twenty-five.' "

The amendments proposed were granted by the following order:

"It is immaterial that there have been two trials of this cause. The motion by plaintiff to amend the complaint is one made before trial, for no judgment has yet been rendered in the cause. *Hall* v. *Woodward,* 30 S. C., 564. Had the motion been made before the first trial, it would have been granted almost as a matter of course. To refuse it now, would be to reverse a well established practice in the Circuit. The plaintiff seeks to abandon the charge of wilfulness he first made against defendant; that is permissible.

"The plaintiff seeks further to charge afresh an act of negligence he had not alleged aforetime; that is permissible.

"The plaintiff seeks to increase his demand for damages from $10,000, as he first claimed, to $25,000 now; that is permissible.

"The motion is granted, and it is ordered."

The first four exceptions involve a construction of section 194 of the Code of Civil Procedure. That oft-quoted section reads:

"The Court may before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of any party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

This action was first tried on November 12, 1903, and resulted in a verdict for plaintiff for $8,800, but on appeal to this Court a new trial was ordered, 69 S. C., 445, 48 S. E., 466, the Court holding, among other things, that characterizing an act as "reckless" is equivalent to characterizing it as "wilful," so as to warrant claim for punitive damages. On the second trial no claim was made for punitive damages, and jury rendered in favor of plaintiff a verdict for $10,000, but Judge Ernest Gary, trial Judge, set the verdict aside and granted a new trial on the ground that "the preponderance of the testimony shows that plaintiff's own negligence contributed to his injury as a proximate cause thereof."

It is contended by appellant under its first four exceptions that the Court committed error of law and abuse of discretion in allowing the amendments to strike out, especially after two trials. The fact that there had been two trials is not at all controlling in the exercise of the Circuit Court's discretion to allow amendments if he regarded them to be in furtherance of justice. The effect of granting a new trial is to restore the case to its former status, except as to matters which have become *res judicata*, and, therefore, the application to amend was not an application *during* or *after* trial, but was an application before trial. *Jennings* v. Parr, 54 S. C., 112, 32 S. E.. 73. The developments of a

16—74

former trial, the result of which has been annulled, may well suggest the propriety of amendments within the power of the Court to grant. We see no abuse of discretion, if there was power to grant the order. The real question is whether the Court had the power.

It is contended that section 194 gives no power to strike out allegations, except the name of a party. This construction of the statute, we think, is too narrow and is in conflict with the broad and liberal spirit of the Code, which seeks a full and fair hearing of a cause upon its merits, and to this end ample provisions are made for amendments, viewing the section quoted as a whole, which allow a mistake in any respect to be corrected and allow the insertion of other allegations material to the case. The power to strike out allegations in respect to other matters than the name of a party is necessarily involved in the power to correct all mistakes and insert material allegations. If the material allegations inserted should be inconsistent with anything alleged in the original pleading, or more clearly or fully state the facts upon which the cause of action attempted to be alleged should rest, it would be a cumberous and circumlocutory sort of pleading to require that the old as well as the new allegations shall remain therein. The Code, sec. 163, requires a plain and concise statement of the facts constituting the cause of action without necessary repetition, and to comply therewith it may be as important to strike out as to insert. The practice of striking out allegations and inserting others by way of amending pleadings is very common and so far as we know the power to do so has not heretofore been questioned. Whether one may be allowed to strike out some statement of fact material to the action or defense of the adverse party, after such fact stands admitted under the original pleadings, is a question of some difficulty. *Martin* v. *Fowler*, 51 S. C., 169, 28 S. E., 312, but such a question is not involved in this case. In *Cleveland* v. *Cohrs*, 13 S. C., 399, it was held proper to allow an amendment to the complaint striking

out an allegation that the bond sued on had been assigned to plaintiffs and inserting in lieu thereof an allegation to the effect that the bond had never been legally assigned, but that by virtue of certain transactions set out they claim to be equitable owners of the bond.

In so far as the amendments allowed struck out the allegations tending to show that the acts charged against defendant were reckless or wilful, they were favorable to appellant, as such striking out merely amounted to an abandonment by plaintiff of the cause of action based upon a wilful wrong, retaining only the cause of action based upon mere negligence.

We will now consider whether the allegations permitted to be inserted fall within the power to amend under sec. 194, *supra.* There is some apparent conflict among the decisions of this State, which we will not now attempt to notice at length or reconcile, as to whether section 194 will authorize an amendment before trial which substantially changes the cause of action or defense. One line of cases, represented by *Hall* v. *Woodward,* 30 S. C., 575, 9 S. E., 684, appears to limit the provision, that the cause of action or defense shall not be substantially changed, to amendments applied for during or after trial and not to amendments before trial, which view would permit amendments substantially changing the cause of action or defense, if applied for before trial, in conformity with the rule in some States; whereas, another line of cases, represented by *Trumbo* v. *Finley,* 18 S. C., 316, adopts the rule that amendments even before trial cannot be allowed if they change the nature and scope of the action, that a wholly different cause of action may not be substituted by way of amendment. In *Proctor* v. *Railway,* 64 S. C., 493, 42 S. E., 427, the Court stated as follows: "The Code does not authorize the insertion of a new cause of action by way of amendment. The amendment proposed should be material to the case which has been defectively stated and must not substantially change the cause of action," citing section 194 and cases

construing it.   In that case the Court approved the refusal
of an amendment which sought before trial to insert a cause
of action based upon mere negligence in a complaint stat-
ing a cause of action based upon a wilful tort.   Probably
the explanation or reconciliation of the cases on the subject
is this, that while a distinctly new cause of action may not
be inserted by way of amendment, new facts or issues relat-
ing to the cause of action attempted to be stated may be
allowed as amendments.   *McKnight* v. *Cooper*, 27 S. C.,
96, 2 S. E., 842.'   But under any view of the authorities
it was within the power of the Court to allow the inserted
allegations by way of amendment, since they do not state
a new cause of action, but merely state new facts or issues
appertaining to the cause of action alleged.   In 1 Ency.
Pl. & Pr., 556, some general tests are stated to determine
whether a cause of action is proposed by the amendment,
viz: whether a recovery on the original complaint would
bar a recovery under the amended complaint, whether the
same evidence will support both, whether the same measure
of damages is applicable, whether both are subject to the
same plea.   Applying these tests a new cause of action is
not stated in the amendment.   The same authority at page
562 cites numerous cases to show that "the cause of action
may be narrowed, enlarged or fortified in varying forms to
meet the varied aspects to which the pleader may anticipate
its disclosure by the evidence," and at page 564 there is a
summary statement of the rule as follows:

"As long as the plaintiff adheres to the contract or injury
originally declared upon, an alteration in the modes in which
the defendant has broken the contract or caused the injury
is not an introduction of a new cause of action.   The test
is whether the proposed amendment is a different matter,
another subject of controversy, or the same matter more fully
or differently laid to meet the possible scope and varying
phases of the testimony.".

With respect to the objection that the amendment was
erroneous in allowing the demand for damages to be in-

creased from $10,000 to $25,000, it is met by the same considerations. "Amendments of the *ad damnum* are never deemed to constitute a new cause of action." 1 Ency. Pl. & Pr., 586; *Lockwood* v. *Bridge Co.*, 60 S. C., 496, 38 S. E., 112.

It is submitted under the fifth exception that Judge Gage erred in granting the amendments, and that the Court should now dismiss the complaint because of Judge Ernest Gary's holding in granting a new trial, that "the preponderance of the testimony shows that the plaintiff's own negligence contributed to his injury as a proximate cause thereof." It is contended that this order of Judge Gary not appealed from is a final decision of the question of fact as to contributory negligence, and, therefore, that the complaint should be dismissed. The power to grant new trials upon the Court's view as to the weight of the testimony rests in judicial discretion and there is no appeal from its exercise except where error of law is involved. Judge Gary's remark about the testimony was merely the Court's reason for granting the new trial, and is not a finding of fact to be reviewed by appeal, as the Judge is not the tribunal invested with power to pass upon questions of fact in law cases. The legal effect of the order granting a new trial was merely to restore the case to its status before the trial, which necessarily involved a conclusion that the new trial should take place under the existing pleadings, wherein contributory negligence is a matter in issue, subject, of course, to the Court's power to amend the same.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.