### 7547

#### BRIDGES v. MILLS MFG. CO.

1. APPEAL—MAGISTRATE COURT—RES JUDICATA—RULES OF COURT.—Order of Circuit Judge granting new trial because of error in magistrate court in refusing motion for nonsuit as to cause of action for wilfulness is not binding on magistrate court on the new trial. Rule 27 of this Court does not apply to appeals from magistrate courts.

2. APPEAL.—There being evidence of wilfulness and of ownership of property, the judgment of the Circuit Court affirming judgment of magistrate is conclusive on these points.

3. VERDICT in an action on two causes of action is not irregular in that it finds separately an amount of actual and of punitive damages.

Before SHIPP, J., Greenville, April, 1909.    Affirmed.

Action by Martin B. Bridges against Mills Mfg. Co. From Circuit order affirming judgment of magistrate Samuel Stradley, defendant appeals.

*Messrs. Sirrine & Charles,* for appellant

*Mr. Wilton H. Earle,* contra.

April 14, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   The appeal is from a judgment of the Circuit Court affirming judgment of a magistrate court in favor of plaintiff for $5.00 actual damages and $25.00 punitive damages for allegel unlawful removal of household goods from a room rented by plaintiff from defendant.

On a former appeal from the magistrate to the Circuit Court Judge DeVore reversed a judgment for twenty dollars in favor of plaintiff, holding that there was no testimony upon which to base punitive damages, and that the magistrate should have granted nonsuit as to the cause of action based upon wilfulness, and remanded the case for a new trial.

On the new trial by jury before him, the magistrate heard the case on both causes of action and gave judgment for both actual and punitive damages, holding that while the testimony was practically the same as on the former trial, he was not bound by the order of Judge DeVore to eliminate the cause of action based upon wilfulness, and, therefore, submitted that question also to the jury.

On appeal from the judgment upon verdict in the second trial Judge Shipp held with the magistrate, that the order of Judge Devore did not eliminate the question of wilfulness, and further held that the fact that plaintiff had paid defendant rent up to June 15, 1909, entitled him to hold until that time, and that this fact was known by defendant when it removed his household goods from the premises on June 10, before the expiration of the tenancy.

Responding to the questions raised by the exceptions, we hold:

1. That the order of Judge DeVore did not dismiss the cause of action based upon wilfulness, but granted a new

trial, which necessarily involved a new trial upon all the causes of action. The legal effect of the order was merely to restore the case to its status before the trial in the magistrate court. *Pickett* v. *Railway,* 74 S. C., 245, 54 S. E., 375. The practice under rule 27 of this Court does not prevail in appeals to the Circuit Court from a magistrate court.

2. There was evidence of wilfulness, and the judgment of the Circuit Court, affirming the judgment of the magistrate, is conclusive on all issues of fact.

3. The verdict of the jury was not irregular and invalid because it made separate findings as to actual and punitive damages. It was responsive to the two causes of action involved.

4. There was testimony to support the finding that plaintiff was owner of the property involved.

The judgment of the Circuit Court is affirmed.