8298

SPEARS v. ATLANTIC COAST LINE R. R. CO.

1. PLEADINGS—DAMAGES.—An allegation in an action for personal injury of the physical condition of the plaintiff at the time, is relevant as giving defendant the basis on which plaintiff estimates her damages.

2. IBID.—AMENDMENTS.—A complaint may be amended during trial so as to allege both actual and punitive damages when that was the intention of the pleader in drawing the complaint, but if defendant be taken by surprise, the case should be withdrawn from the jury, and coming up for trial at another term, the amendment should be treated as before trial and not during trial.

3. RAILROADS—CROSSINGS.—An action against a railroad company for damages caused by a train of cars rushing along near a crossing of a highway without warning and scaring the traveler's horse so as to cause her to pull him across a ditch to prevent collision is under section 2132 of Code of 1902, although no collision is alleged or proved.

4. IBID.—IBID.—EVIDENCE.—In an action for damages for actual injury and mental suffering caused a mother by running a train of cars on to a highway crossing without giving signals, evidence as to the children was competent on the issue of mental suffering.

5. IBID.—EVIDENCE—OPINION.—After stating the facts, a nonexpert witness may give his opinion that a railroad crossing is the most dangerous he knows of.

6. ISSUES.—Whether an act is done advertently or inadvertently is an inference to be drawn by the jury and should not be passed on by the Judge on motion for nonsuit or to direct a verdict.

Before COPES, J., Marlboro, July term, 1911. Affirmed.

Action by Hannah J. Spears and Henry B. Spears against Atlantic Coast Line Railroad Company. Defendant appeals.

*Messrs. P. A. Willcox* and *Knox Livingston,* for appellant. *Mr. Livingston* cites: *What amendments may be granted during trial:* 21 S. C. 226, 221; 30 S. C. 564, 199; 84 S. C. 578; 68 S. C. 506; 72 S. C. 256; 78 S. C. 419. *Contributory negligence is a defense:* 39 S. C. 517; 65 S. C. 217; 63 S. C. 1536; 87 S. C. 325. *Nonsuit should have been granted:* 82 S. C. 49; 39 S. C. 517; 65 S. C. 217; 63 S. C. 536; 87 S. C. 325; 7 S. C. 402; 57 S. C. 211; 63 S. C. 494; 83 S. C. 335.

*Messrs. Townsend* and *Rogers,* contra, cite: *As to counsel reading case to jury:* 82 S. C. 71; 80 S. C. 352. *As to amendment of complaint during trial:* 86 S. C. 98. *New trial for excessive damages:* 65 S. C. 356; 71 S. C. 95. *For insufficiency of evidence:* 71 S. C. 95. *When nonsuit should not be granted:* 86 S. C. 300, 379; 39 S. C. 514; 61 S. C. 404; 87 S. C. 324; 52 S. C. 323; 33 S. C. 427. *Allegations necessary in an action under the statute:* 65 S. C. 217; 84 S. C. 125; 87 S. C. 324. *Case of railroad company at crossings:* 63 S. C. 516; 57 S. C. 211; 86 S. C. 392. *Not looking and listening:* 39 S. C. 514; 63 S. C. 494; 72 S. C. 392; 76 S. C. 368. *Duty of railroad company at common law to give signals:* 4 Ency. 910; 72 S. C. 387; 52 S. C. 523; 87 S. C. 324; 82 S. C. 328. *Running at a reckless rate of speed is wilfulness:* 87 S. C. 324.

August 20, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action for damages. It seems that the plaintiff-respondent, Mrs. Spears, was going home from Bennettsville and driving along a public highway that approached the track of the appellant railroad company. The public road and the railroad made a V and were almost parallel. The plaintiff alleged, that the defendant did not ring its bell or blow its whistle as required by law, on approaching the crossing and that the train was running at a dangerously high rate of speed and that by reason of the conduct of the defendant, she was injured. That she was not in a normal condition of health and had with her, two small children of her own and a child of a friend, who was traveling with her. That the mule she was driving became frightened by the train and in order to keep the mule from running into the train she was obliged to turn it across a ditch. That there was a ditch on both sides of the road.

The defendant moved to strike out of the complaint all reference to the physical condition of the plaintiff on the ground that the defendant was not responsible for her condition and objected to all testimony in reference to the children as they had an independent action for their injury. These objections were overruled. The action was for both actual and punitive damages.

The case was called for trial and during the progress of the trial, a question arose as to whether the complaint alleged that the failure to give the statutory signals was wilful or not. The presiding Judge (Judge Shipp) held over plaintiff's objection that the complaint did not charge wilfulness as to this allegation of negligence, but allowed the plaintiff to amend her complaint and withdrew the case from the jury. The case was subsequently tried before Judge Copes and a jury. Judgment was rendered for the plaintiff and the defendant appealed.

There are nineteen pages of exceptions, but appellant has stated the question in a more succinct form, and we will accept his consolidation and answer his questions.

1. "Was it not error in his Honor to refuse to strike out the words 'she being at the time enceinte?' Anyhow, was it not error in Judge Copes to hold that question *res adjudicata* because Judge Shipp had refused a similar motion, but the case having been withdrawn from the jury and an amendment allowed, setting up practically a new complaint, with a new cause of action, in which the same allegation is made? Was it not error to admit testimony to support such allegation?"

The answer to this question is, it was not error. No one could suppose that the defendant was in anyway responsible for the plaintiff's condition, and, therefore, there could be no confusion of issues by allowing the allegation to remain. The physical condition of the plaintiff might have determined the extent of the injuries, both mental and physical. It was entirely proper that the defendant should know facts upon which the plaintiff would base her estimate of her injury, and it was for the jury to say whether the injury to the plaintiff would be greater in the abnormal than in the normal condition, and if so, to what extent.

2. "Was it not error, or an abuse of legal discretion, to withdraw the case from the jury, after the plaintiffs had practically closed their testimony, and allow an amendment of the complaint which made a 'substantial change' in the original cause of action, to change a claim for actual damages alone to one for both actual and punitive?"

The answer here is that there was no error. It was within his Honor's discretion to allow the plaintiff to allege what she intended to allege and claimed that she had alleged. In order that no injustice be done the defendant or that it might not lose by reason of a surprise during the trial, the case was withdrawn from the jury. The amendments, therefore, upon which the case was finally tried, were amendments before and not amendments during trial, within the meaning of the law. The action before amendment was

for actual and punitive damages and after amendment it was for actual and punitive damages.

3. "Was it not error in refusing to hold, as the trial Judge did in the first instance, that the cause of action set up in the complaint was based upon section 2139 of the Civil Code, regard being had to the language used in the complaint generally, as well as specific allegations, and especially to the order of Judge Shipp allowing the amendment, and the amendment allowed?

4. "In that subsequently his Honor charged the jury that the action brought 'for personal injuries and damages, or for injury to her property * * * at a public crossing,' and using other language whereby he substantially told the jury that the action was brought under the statute, although there was no collision between plaintiff's person or property and defendant's locomotive or train?

5. "In that while he, in the first instance, construed the complaint and subsequently charged the jury as hereinbefore indicated, he refused to charge defendant's first, second, third and fourth propositions, embodying well established and unquestionable principles of law, showing the distinction between an action at common law and an action under the statute for personal injuries, a distinction most material to the defense in this action?"

"It being an admitted, or an undisputed fact, that there was no collision between the person or property of the plaintiff, Hannah J. Spears, and the locomotive or cars of defendant, was it not error in his Honor—especially in view of his refusal to charge defendant's first four requests to charge the jury."

There was no error here. Section 2132 is the section that requires the signal and it makes no reference whatever to a *collision* at the crossing. The only effect of section 2139 would have been to eliminate contributory negligence as a defense. His Honor charged the jury seven times that contributory negligence was a defense. His Honor charged the

jury that if they found that the plaintiff in any way, by her own negligence or want of proper care brought about or contributed to the accident whereby she was injured, she could not recover. It is hard to see how the defendant could have asked for more. The failure of the Judge to charge that the plaintiff could not recover under a statute that did not apply was not only not harmful error, but it was not error at all.

People traveling a public highway are entitled to fixed warnings of the approach of a train not only in order to avoid going on the crossing, but in order that they may take such precautions as they may think best to prepare for the coming train and they are entitled to the whole time in which to take precaution. Section 2139 does not limit the right of the traveler to a collision. It was for the jury to say whether the failure to give the signals, if there was a failure, did not produce the necessity for driving her mule across the ditch and produce the injury. Sometimes seconds count. Did they count here? That was for the jury and it was left to them with explicit instructions that if she was in anyway negligent, she could not recover. There was no error here.

Questions 7 and 8 omitted from the argument, are deemed withdrawn.

6. "Substantially, that the action was brought and could be sustained under the statute by use of the following language:

"(a) The negligence, wantonness, and recklessness and wilfulness alleged is that the defendant ran its train down upon that crossing without giving the statutory signal, at a high and reckless rate of speed.

"(b) If the defendant failed to ring the bell or blow the whistle and that failure caused the plaintiffs, etc.

"(c) Again: Where a person is injured at a point where a railroad crosses a public highway and the statutory signals are not given, the burden is on the defendant company to

show that the injured person knew, or ought to have known, of the approach of the train to have avoided.

"(d) Again: No actual collision is alleged in this suit and it is not necessary to prove a collision.

"(e) Again: If the evidence in this case satisfies you by its preponderance that the defendant did not give the statutory signal (after reading section 2132), then it was guilty of negligence, and if that negligence was the proximate cause of the injury, then the defendant is liable."

These statements refer to 2132 and not to 2139. There is no error.

9. "Was it not error in charging the jury as to defendant's liability for its negligence, to ignore the plea of and testimony establishing plaintiff's contributory negligence?"

His Honor twice charged the jury that they must take his charge as a whole. It is hard to see with that statement thus emphasized, how contributory negligence could have been eliminated from any portion of it.

10. "There being no allegation or claim set up in the complaint for damages to the property of the plaintiff, to wit: the buggy and harness, was it not error in his Honor to charge the jury that the action was brought to recover damages 'for injury to her property,' which she alleges she received through the negligence and wilfulness and wantonness and recklessness of the defendant at a public crossing?

11. "Was it not error to admit testimony, where there were no allegations to that effect in the complaint, as to the value of the property and the damage it sustained?"

Injury to the buggy was set up in the complaint. There was no error here.

12. "The action being brought by Hannah J. Spears alone (her husband being joined only as a nominal party), was it not error to admit testimony in regard to the children who were in the buggy with the plaintiff at the time she received the alleged injuries, and the injuries received by them, each of them having a right of action?"

Mental sufferings were alleged. If Mrs. Spears was a normal woman and mother, her greatest sufferings were her apprehensions of harm to her own children and her little kinswoman committed to her care. That they may have a cause of action, in noway diminished her own sufferings. There is no error here.

13. "Was it not error to allow a witness to express the opinion that the crossing in question in this action 'was the most dangerous place I know of to cross,' said witness giving no facts showing he had a right to give an opinion?"

It does not appear from the case that his Honor ruled on the question, but if he did, the witness stated the facts fully upon which the opinion was based. There is no error here.

14. "In refusing defendant's motion for nonsuit as to exemplary or punitive damages on the grounds in writing taken on Circuit and renewed in this Court, said grounds constituting subdivision I of third section of grounds of appeal?

15. "Did he not err in refusing to grant a nonsuit generally on the grounds in writing taken at the trial and renewed in this Court as subdivision II of said third section?

16. "Did he not err in refusing to grant defendant's motion for direction of a verdict on same grounds?

17. "Did his Honor not err in refusing to grant defendant's motion for a new trial upon the grounds submitted in writing and renewed in this Court as grounds of appeal as the fourth section of said grounds of appeal?"

Whether a thing is done advertently or indvertently is an inference from all the facts proved and this inference is to be drawn by the jury. There is no error here.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.