### HAMER v. DAVID

### (117 S. E., 807)

PLEADING—REFERENCE—DENIAL OF LEAVE TO AMEND ANSWER DURING
  TRIAL HELD ERROR.—Under Code Civ. Proc. 1912, §§ 224, 332,
  giving a referee power to permit amendment to pleadings, *held,*
  that denial of request by defendant, made during trial, to amend
  his answer, was error, where the amendment would have been pro-
  motive of justice, and the objection thereto was that it set up a
  new defense.

Before McIVER, J., Dillon, August, 1921.   Reversed.

Action by W. M. Hamer against J. H. David.   Subse-
quently the executors of the estate of High P. Price, de-
ceased, and Trustees under said will, and W. M. Rising one
of the beneficiaries under said will were allowed to interplead
in said action.   From an order refusing to allow proposed
amendment of. pleading by defendant W. M. Rising, he
appeals.

The order of the Circuit Court here follows:

This matter comes before me on exceptions on the part of
William Rising to an order of E. C. Dennis, referee, in which
the referee refused to allow him to make certain amendments
in his answer.

A brief recital of the history of the case will aid greatly in
understanding the situation.   In the beginning it was a suit
by W. M. Hamer to recover from J. H. David the value of
15 bales of cotton alleged to be due him for the year 1916 by
reason of a rent contract therefor.   The essential facts
showing the origin of the case and the defenses urged are set
forth in the decision of the Supreme Court, reported in 112
S. C., 211; 99 S. E., 816.   Subsequently, an order was
passed making the 'present executors of the Price estate
(two of those who were executors at the time of the transac-
tion involved having died), and also William Rising, parties
to the action, and they respectively served answers.   The

executors set forth that Hamer had reconveyed to their *cestui que* trust all his right as beneficiary of the Price estate on June 1, 1915, and that Rising was thereafter entitled to receive all the moneys accruing from the estate, and that they were entitled to commissions on all moneys paid directly to Hamer by David while Hamer owned the beneficial interest, and also that Hamer should pay to them the proceeds of the cotton turned over to him by David during the year 1915 (which is the year Rising bought back the interest from Hamer), and that David should pay to them 15 bales of cotton rent for the years 1916 to 1919 and should thereafter pay them 75 bales, instead of 60 bales specified in the direct contract between the executors and David. Rising in his answer alleged his original interest in the Price estate and that he had sold his entire interest to Hamer, who held it until the year 1915, when he (Rising) for the sum of $2,000 bought back from Hamer the beneficial interest in the estate; that he knew nothing at that time of the 15 bales of cotton contract made directly between David and Hamer, and that he meant to buy in this purchase the entire beneficial interest in the income of the Price estate, and that he was therefore entitled to the proceeds of the David contract from the date of this conveyance.

Hamer, replying to the executors, alleged that he had expressly reserved the David contract when he sold back the interest to Rising and asked that the executors be required to collect and pay same over to him. David also answered the pleadings of the trustees, claiming the proceeds of the 15-bale contract, alleging that he had purchased the same from Rising since the beginning of the action, but at the beginning of the reference, he announced that his answer was withdrawn and his contention abandoned. In brief, this was the situation when the issue went to trial bfeore E. C. Dennis, Esq., to whom the case had been referred, the issue being whether the trustees should pay over to William Rising the proceeds of the 15-bales of rent cotton or whether W. M. Hamer was

entitled to them, David now admitting his liability to pay them.

During the taking of the testimony the attorneys for William Rising raised the question of the capacity of William Rising to take a contract and made a motion to be allowed to set up this contention by way of amendment to his answer, which by order, dated September 30, 1920, the referee allowed; that is, that they might amend so as to allege fraud was perpetuated by Hamer on Rising with reference to the 15 bales of rent contract, and also to allege incapacity on the part of William Rising to contract business on account of general incapacity for business. Pursuant to this order, Rising served an amendment, which set forth practically the matters set up in the second proposed amended answer referred to below. On this answer being served on attorney for W. M. Hamer, they moved to strike out portions of the same as being beyond the scope of the order of Mr. Dennis and making the same objections which were later urged against the second proposed answer. There seems to have been no formal order passed on this motion, but thereafter the attorney for William Rising withdrew this answer and moved before Mr. Dennis for leave to bring in new parties, to wit, the heirs and representatives of the deceased trustees, Bethea and Hayes and to be allowed to serve a second amended answer setting up same and other issues, the proposed answer being served along with the notice of the motion. This motion was heard by Mr. Dennis and refused by order dated May 30, 1921, and the appeal by him was from this refusal. This proposed second amended answer sought to set up fraud on the part of Hamer with reference to his original purchase of the interest of Rising in the Price estate, which occurred some ten year ago, and to charge fraud against certain of the trustees, and to have an accounting from the trustees and Hamer alleging a conspiracy between them to defraud Rising. It further sought to set up a cause of action against Hamer to recover the $2,000 paid by him to Rising

for the reconveyance of the beneficial interest as having been gained by the said Hamer by fraud and overreaching Rising, and next setting up a cause of action for the 15-bale contract, alleging that Hamer had no right thereto, his entire rights having been quenched in the contract of conveyance between him and Rising, dated June 1, 1915. It will readily be seen that it is a far cry from the initial issues in this case to those now proposed to be set up and determined.

This proceeding was originally a simple suit on a contract. In this proceeding it was determined by the Supreme Court that the trustees of the Price estate should be made parties in order to determine all rights arising under this specific contract. It is now proposed by Mr. Rising to enlarge the scope of this action so as to embrace many parties and many issues connected only in very remote way with the original action. I know that the power of amendment is very broad and it is my disposition, as I think it is the disposition of the Courts in this State, to allow great latitude in such matters in order that there may be a complete determination of the issues between the parties, to be liberal rather than technical, in the construction of pleadings, in order to further justice which is the purpose of all Courts. I do not think however, that in this case the amendments proposed will be promotive of justice. The amendments bringing new cause of action, render necessary new parties for their complete and proper determination, would necessitate practically a new trial and a recasting of the issues, some of which affect only a few of the parties, and with which other parties have no interest, and some of which are only remotely connected with the action to which they are proposed to be added as amendments. Indeed, some of the proposed amendments are inconsistent with the prior action proposed to be amended. I do not know of anything that is more productive of justice than a definiteness of the questions to be decided by a Court, and I cannot think that to allow the amendments sought here-

in, instead of clearing up the situation, would lead to inexplicable confusion.

This much I say without referring to my power to amend in this case. Undoubtedly, there is a limitation to the power of the Court to amend pleadings. There are numerous cases, of course, discussing this question, and there is no need for me to refer to them with any degree of particularity. Section 224 of the Code of 1912 is the law of the land, and has no meaning unless it is a limitation on the power to amend; such our Courts have construed. I do not think that the proposed amendments, which were refused by the referee, are such as I have power to grant under the Code. They clearly are new courses of action, do not affect all parties to the action, change substantially the claims, and are not material to the case at issue; nor do they inhere in it to the extent that they may be regarded as amendments to a defectively stated cause of action, and they are offered during trial. For these reasons I must refuse to overrule the order of referee, to which exception was taken, and I affirm the same. This order is granted without prejudice, however, to the rights of Rising hereafter to bring his action against the proper parties and litigate any of the issues suggested in his proposed amended answer, which is disallowed in this action, nor his right to amend his answer by striking out his admission of the legality of the alleged original contract. The title to this estate is in the trustees and Rising was never a necessary party to the determination of the issues involved in this action, and although he was permitted to come in and participate in the trial of this issue, he has no right to change the scope of the action.

*Mr. Joe P. Lane*, for appellant, Rising cites: *Refusal of amendment is appealable:* 26 S. C., 423; 59 S. C., 86; 31 Cyc., 373. *Referee had power to allow amendments:* 83 S. C., 495; Code Proc., 1912 Sec. 332; 92 S. C., 300; 81 S. C., 578; 106 S. C., 542; 109 S. C., 286; 103 S. C., 214; 30 S. C., 574; 85 S. C., 260; 68 S. C., 508; 54 S. C., 113

*Right of amendment during trial:* 74 S. C., 243; 27 S. C., 94. *Amendments during references is not amendment during trial:* 81 S. C., 579; 92 S. C., 300. *In equity cases provision as to bringing in new parties is mandatory:* Code Proc., 1912, Sec. 171; 4 S. C., 512. *Courts are practical, not technical:* 113 S. E., 310. *No statute of limitations between trustees and centui que trust:* 36 S. C., 327; 7 Rich. Eq., 105; 112 S. C., 214. *Counter claims:* 10 S. C., 464.

*Mr. W. M. Stevenson,* for *W. M. Hamer,* respondent, cites: *Order on amendments was proper:* 98 S. E., 138; 91 S. C., 54; 81 S. C., 579; 80 S. C., 213.

May 8, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in the case (112 S. C., 211; 99 S. E., 816), and is from an order of his Honor, Judge Mc-Iver, rufusing an amendment asked for by the appellant, said order being passed August 16, 1921. The exceptions, seven in number, allege error, and challenge the correctness of his Honor's ruling.

The referee, Hon. E. C. Dennis, first allowed the amendment and then refused an order asked for by the appellant after the amended complaint was filed. A motion was made to strike out, then the complaint was withdrawn, and the order of amendment asked for was applied for and refused by the referee. The referee in his order refusing the order asked for says:

"I do not think the amendment sought is such as is permissible under the law. If the law with reference to amendments left it to my discretion I would allow so much of the amendment sought as would allege fraud on the part of Hamer in obtaining the contract of 1910, whereby he obtained the interest of Rising in the rents, in so far as the question would affect the legality of the 15-bale contract."

The trustees are willing for the appellant to have the amendment proposed and are willing to account in full, and court the fullest investigation as to all of their actings and doings. Hamer alone contests the amendment.

Both the referee and Circuit Judge based their orders on the law of the case, and did not refuse the order in the exercise of their discretion. The referee was in error in holding, under the law, he could not grant the order asked for; he had full and plenary power to do so in Code of Laws (Civil) 1912, § 332, under the decided cases of this Court. *Beall Co. v. Weston,* 83 S. C., 495; 65 S. E., 823. *McKnight v. Cooper,* 27 S. C., 94; 2 S. E., 842. *Pickett v. Railway,* 74 S. C., 244; 54 S. E., 375. *Taylor v. Railroad Co.,* 81 S. C., 579; 62 S. E., 1113. *Spears v. Railway Co.,* 92 S. C., 300; 75 S. E., 498. An allowance of the amendment would have been promotive of justice. This Court has said in *Southeastern Life Insurance Co. v. Palmer,* 113 S. E., 310: "Courts are practical, not technical." The time is long since passed for the trial of cases by piecemeal by devious routes by a multiplicity of suits.

The amendment should have been allowed, and the order appealed from is reversed, as it was based on a misconception of the law, and not upon an exercise of discretion.

Reversed.