## PROCTOR v. SOUTHERN RAILWAY.

NEGLIGENCE—TORT—PLEADING—AMENDMENT.—A COMPLAINT alleging a wilful tort cannot be so amended as to allege also a cause of action based on mere negligence. The act, 22 Stat., 693, construed and its effect on rules of pleading stated.

Before TOWNSEND, J., Greenwood, September, 1901. Affirmed.

Action by John M. Proctor against Southern Railway. From Circuit order refusing motion to amend complaint, plaintiff appeals.

*Messrs. Graydon & Giles,* for appellant, cite: *Trial Judge had power to grant amendment:* Code, 194; 13 S. C., 21, 397, 491; 22 S. C., 522; 21 S. C., 402; 28 S. C., 364; 1. Ency. P. & P., 517. *Amendment asked for does not add a new cause of action:* 1 Ency. P. & P., 556, 557, 563, 564; 41 S. C., 143; 24 S. C., 476. *Order refusing amendment for want of power is appealable:* 1 Ency. P. & P., 531, 574; 17 S. C., 123; 10 S. C., 98; 27 S. C., 192; 18 S. C., 305; 35 S. C., 572; 14 S. C., 428.

*Mr. T. P. Cothran,* contra, cites: *Amendment could not be allowed:* Code, 195; 27 S. C., 96; 41 S. C., 145; 43 S. C., 225; 31 S. C., 199; 49 S. C., 518; 57 S. C., 412; Bliss Code Pl., sec. 122.

September 4, 1902. The opinion of the Court was delivered by

Mr. Justice Jones. The appeal herein is from an order refusing to grant an amendment to the complaint. The paragraph of the complaint sought to be amended is as follows: "IV. That the plaintiff seeing that the said engine and train of freight cars attached thereto had come to a full stop, then drove his wagon and team back into the said public road and attempted to pass the said engine and train of freight cars attached thereto while standing, but as soon as the plaintiff approached near and opposite to the said engine, he being in the said public road, the defendant, its agents, servants and employees, who were in charge of said engine and train of freight cars attached thereto, and being in full and plain view of the plaintiff and his wagon and team, with intent to frighten and scare the plaintiff's team and injure the plaintiff, wilfully and wantonly and recklessly, and not regarding the rights of the plaintiff in that regard, let off steam from said engine, so that the said team of mules became frightened and unmanageable and were made to run away, and threw the plaintiff out of said wagon, and the wheels of said wagon were made to pass over the body of the plaintiff, inflicting serious and painful wounds and bruises on the plaintiff's back, foot, and injuring the plaintiff internally so that he became ill and sick, and for a long time was unable to attend to his business, and was confined to his bed and suffered intense pain from the injuries to his left kidney, and he fears that from the effects of said injuries he will never be well and strong again." The amendment proposed was to strike out the words, "with intent to frighten and scare the plaintiff's team and injure the plaintiff, wilfully, wantonly and recklessly, and

not regarding the rights of the plaintiff in that regard, let off steam from said engine," and insert in lieu thereof the following words: "wilfully, wantonly, recklessly, negligently and carelessly, and without regard to the rights of the plaintiff, let off steam from said engine in an unusual and unnecessary manner and in large quantities."

On the former appeal in this case, 61 S. C., 170, this Court held the complaint only alleged a wilful tort, and that the plaintiff could not recover for mere negligence. The object of the proposed amendment was to change the complaint so as to permit a recovery not only for a wilful tort, but for negligence. The order refusing the amendment was in these words: "In the above stated action, a motion was made before me at Greenwood, S. C., at the August term, 1901, to amend the complaint in several particulars. The first I allow with hesitation; but the second, the really important one, I cannot allow. At the hearing I thought that the amendment might be allowed under the act of 1896 (22 Stat., 693), and reserved my opinion in order that I might consider the matter more thoroughly. On examination of said act, however, and of recent opinion of the Supreme Court in this same case, I conclude that the amendment asked for cannot be allowed, and it is so ordered."

Appellant contends that the single question presented by this appeal is, "Did the presiding Judge err in holding that he had no power to allow the plaintiff to amend his complaint?" We do not so construe the order, for in the same order another amendment was allowed. All that the Judge meant by the language used was that the particular amendment proposed was not one which he could properly allow. In this we think he was right. The Code does not authorize the insertion of a new cause of action by way of amendment. The amendment proposed should be material to the case which has been defectively stated, and must not substantially change the cause of action. See 194 of the Code of Civil Procedure, which has been construed and applied in numerous cases, among which see *Trumbo* v. *Finley,* 18

S. C., 305; *Whaley* v. *Stevens,* 21 S. C., 221; *Kennerty* v. *Etiwan Phosphate Co.,* 21 S. C., 240; *Skinner* v. *Hodge,* 24 S. C., 165; *Sullivan* v. *Sullivan,* 24 S. C., 474; *Clayton* v. *Mitchell,* 31 S. C., 199, 9 S. E. R., 814; *Lilly* v. *R. R. Co.,* 32 S. C., 142, 10 S. E. R., 934; *Mayo* v. *R. R. Co.,* 43 S. C., 225, 21 S. E. R., 10; *Brown* v. *R. R. Co.,* 58 S. C., 468. The opinion on the former appeal in this case shows that an action based upon negligence is wholly distinct from an action based upon a wilful tort. The same evidence will not support both, for the former is for an injury done inadvertently, while the latter is for an injury done wilfully; the same measure of damages does not apply to both, for in an action for negligence, actual damages alone are recoverable, while in an action for a wilful tort, not only actual but punitive damages may be recovered; the same defenses are not available in both; for in an action based upon mere negligence, the plea of contributory negligence is available to the defendant, while in an action for a wilful tort, such plea is not available. These are some of the tests in determining whether a new cause of action is alleged in the proposed amendment. 1 Ency. Pl. & Pr., 556. The amendment proposed in this case, subjected to these tests, attempted to allege a new and distinct cause of action, and there was, therefore, no abuse of discretion in refusing to allow the amendment.

We do not think the act of 1898, 22 Stat., 693, to regulate the practice in the Courts of this State in actions *ex delicto* for damages, applies to the particular question before us. That act, by sec. 1, allows actual damages to be recovered in an action *ex delicto,* in which punitive damages are claimed, and provides that no party shall be required to make any separate statement of facts as a basis for the claim of either actual or punitive damages, or to elect whether he will claim actual or punitive damages. In sec. 2 of said act it is provided, "That in all cases where two or more acts of negligence or other wrong are set forth in the complaint as causing or contributing to the injury for which such suit is

brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instructions of the Court and to recover such damages as he sustained, whether such damages arose from one or another or all of such acts or wrongs in the complaint." The effect of this act is to change the rule as stated in *Spellman* v. *R. R.,* 35 S. C., 486, 14 S. E. R., 947, to the effect that when the cause of action is for exemplary or punitive damages, actual damages may not be recovered—*Glover* v. *R. R.,* 57 S. C., 234; and also to change the rule laid down in *Ruff* v. *R. R. Co.,* 42 S. C., 114, 20 S. E. R., 27; that when two or more unconnected acts of negligence are stated as causing the injury, the plaintiff may be required to elect. The statute also permits the jumbling together in one statement of all acts of negligence and other wrongs, which include acts of wilful wrong, but the statute does not expressly or by implication undertake to declare that an action based upon mere negligence is not wholly distinct from an action based upon a wilful tort. If plaintiff had originally alleged as proposed by the amendment, he could not have been required to make a separate statement of the acts or facts, showing negligence on the one hand or wilful wrong on the other, and could not have been required to elect upon which acts or class of acts he would rely; but having elected to bring his action for wilful tort in the first instance, he cannot now be permitted to insert a new cause of action based on mere negligence.

The judgment of the Circuit Court is affirmed.