## STANDARD SEWING MACHINE CO. v. ALEXANDER.

1. PLEADINGS—AMENDMENT.—Code, 194, as to amendment of pleadings so as to change claim of pleader, does not apply to amendments before trial, but to those asked for during or after trial.
2. BANKRUPTCY—ESTOPPEL.—Order of United States Circuit Court as to discharge in bankruptcy held to permit the prosecution of a suit in the State Court commenced after application for, but before order of discharge, and judgment obtained thereon is not effected by discharge, and plaintiff is not estopped from prosecuting in State Court an action on tort, on ground that goods were obtained by false representation, by filing in bankrupt proceedings notes taken for purchase price of same goods.
3. CONTRACT—WAIVER.—Suit for the purchase money on a contract of sale is an affirmance. of the sale and a waiver of any claim that vendor was induced to part with the property by fraud; but where he brings an action on notes taken for purchase money, and ascertains that a judgment thereon cannot be obtained, or will not give relief desired, he may abandon that and sue on tort, on ground that he parted with the goods by reason of false representations.
4. CONTRACT—BAR.—Retention of past due notes given for purchase money of goods does not bar waiver of contract and suit by vendor on tort for obtaining the goods by false representations, where the notes were in hands of plaintiff at the time of trial.

Before WATTS, J., September, 1902, and PURDY, J., March, 1903, Greenville. Affirmed.

Action by Standard Sewing Machine Co. against Alexander. From judgment for plaintiff, defendant appeals.

*Mr. B. M. Shuman,* for appellant, cites: *As to amendment*

*changing cause of action:* 64 S. C., 491; 16 Ency., 2 ed., 782; 2 McC., 167; 95 U. S., 704; 114 U. S., 555; 1 Benj. on Sales, 596, 601, 603; 23 S. C., 170; 21 S. C., 226; 24 S. C., 165; 32 S. C., 142; 64 S. C., 491. *As to effect of discharge in bankruptcy:* Sec. 17, Bank act, 1898, 2 Am. Bank R., 701; 6 Id., 657; 7 Id., 549; 16 Ency., 2 ed., 703; 9 Am. R., 418; 16 Ency., 2 ed., 679. *Notes must be returned before suit for damages:* 18 Ency., 2 ed., 172, 174, 176; 4 Rich. L., 519. *Vendor may elect to affirm or avoid the sale:* 1 Benj. on Sales, 580; 14 Ency., 2 ed., 159, 160, 161; 93 U. S., 55, 578.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *Amendment allowed does not change cause of action:* 26 S. C., 422; 30 S. C., 564; 63 S. C., 307. *Amendments changing claim only disallowed during or after trial:* 59 S. C., 187; 27 S. C., 92; 43 S. C., 281; 37 S. C., 339; 28 S. C., 530, 608; 40 S. C., 336, 524; 41 S. C., 145; 13 S. C., 397, 495; 20 S. C., 521; 39 S. C., 223; 64 S. C., 249; 27 S. C., 1; 35 S. C., 361; 50 S. C., 397; 20 S. C., 465; 35 S. C., 578; 41 S. C., 336, 337; 39 S. C., 333; 13 S. C., 23; 54 S. C., 109; 16 S. C., 234; 51 S. C., 412; 54 S. C., 98; 57 S. C., 235; 48 S. C., 565; 61 S. C., 548. *Amendment allowed does not substantially change cause of action:* 7 Ency. P. & P., 362; 1 Jagg. on Torts, 297; 118 N. Y., 288; 48 S. C., 565. *As to estoppel to bring this action by filing notes in bankrupt proceeding:* 114 U. S., 555; 42 C. C. A., 643; 104 Fed. R., 1006; Love on Bank., sec. 293; 16 Ency., 2 ed., 782; 176 Ill., 359; 2 Hun., 662; 10 R. I., 261; 91 Fed. R., 511; 187 U. S., 177.

April 20, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In the original complaint against the defendant, who was a bankrupt, a number of notes given by him were set out upon which judgment was demanded; and it was further alleged that the goods for

which the notes were given were obtained by fraud in making certain false statements as to his financial condition upon which plaintiff relied in delivering the goods. Before the trial, Judge Watts allowed the plaintiff to amend his complaint by striking out the allegations concerning the notes, and alleging that defendant induced the plaintiff by the fraudulent representations as to his condition to sell and deliver merchandise reasonably worth $3,103.54, which was also the amount for which the notes were given.

The first position taken in the appeal is that Judge Watts erred in allowing the amendment, because it changed substantially the claim of plaintiff, and allowed an action for tort to be substituted for an action on contract. It has been decided in *Hall* v. *Woodward,* 30 S. C., 564, 9 S. E., 684, and other cases, that the limitation of the right to amend fixed by sec. 194 of the Code of Procedure, upon which defendant relies, applies to amendments asked for during or after the trial which might prejudice by surprise, and not to amendments before the trial.

The defendant was adjudged a bankrupt on the 5th day of November, 1900. On the 7th day of March, 1901, the defendant filed in the bankrupt court his application for his discharge in bankruptcy. This action was not commenced until the 14th day of October, 1902. It thus appears that the application of the bankrupt for his discharge was pending when this action was commenced.

The contention of the defendant is that when he made and filed his application for discharge, it was to be granted or refused him according to the status of things as they then stood, that the right to discharge could not be made to depend upon some new status or condition created after the application for discharge, and hence this suit, not having been commenced until after the application for discharge was made, is barred by the order of discharge.

The decretal part of the order of discharge is: "It is ordered, that said discharge be and the same is hereby granted, and that the said exceptions of said bankrupt be

and the same are hereby sustained: *Provided,* That this discharge shall not affect the case of the Standard Sewing Machine Co. against M. L. Alexander, now pending in the Court of Common Pleas in and for the County of Greenville, in the State of South Carolina, until final judgment therein; and as to any judgment that may be recovered therein by the plaintiff in said case, this discharge shall have the same force and effect that it would have if said judgment had been recovered after the application for said discharge and before the granting of the same, and no other."

The true interpretation of this order is that the plaintiff was given permission by the United States District Judge to pursue his action in the Court of Common Pleas to judgment, the question as to the effect of the discharge on any judgment that might be obtained being reserved.

We do not understand, however, that Judge Brawley undertook to limit the defenses that might be set up to the action pending in the Court of Common Pleas for Greenville County, although such defenses might involve the consideration of the bankrupt law. Hence if the bankrupt act does not permit a suit of this nature to be commenced against the bankrupt after the petition for discharge has been filed, the action must be dismissed. It is clear that the order of discharge did not affect plaintiff's claim, but, on the contrary, expressly reserved the rights of both parties to this suit.

It is not the duty of this Court in this case to inquire whether an order for conditional discharge could be legally granted. Such an order has been made by the Court having jurisdiction of such matters, and it must be given full effect according to its terms. Taking the view most favorable to the defendant and regarding the order as having the same effect as an unconditional discharge granted after the termination of this suit, it has the same effect as an order of discharge with a judgment recovered in an action for fraud outstanding against defendant, and such an order would not discharge defendant from such a judgment. The bank-

rupt act saves from discharge judgments in actions for fraud in existence at the date of the discharge, and the exception is not limited by the act to those judgments in existence at the date of the filing of the petition for discharge.

The plaintiff is not estopped from bringing this action by proving in the bankrupt court the notes given for the goods. *Strang* v. *Bradner,* 114 U. S., 555, 29 L. ed., 248. This case, it is true, arose under the bankrupt act of 1867, but the same doctrine has been applied to the act of 1898. *In re Lewensohn,* 99 Fed. Rep., 73, 104, *Ibid.,* 1006.

There can be no doubt of the correctness of the general proposition that suit for the purchase money on a contract of sale is an affirmance of the sale and a waiver of any claim that the vendor was induced to part with the property by fraud. We think this case, however, clearly falls under an important exception, thus stated in 1 Benjamin on Sales, 581, note: "But in *Peters* v. *Ballistier,* 3 Pick., 495, the captain of a vessel sold a cargo without authority. The owner at first brought *assumpsit,* but discovering before trial that he had misconceived his remedy, he discontinued the suit and brought trover, which was sustained. On principle, this seems correct. In general, where a party is unsuccessful because he has not brought the proper form of action, he is not barred from his true remedy. It would seem that he ought to be barred by his election only where he has in fact two remedies, not where he resorts to a remedy which gives him no judgment on the merits. See *Butler* v. *Hildreth,* 5 Metc., 49, where this distinction is taken."

The plaintiff brought his action on the notes, alleging the fraud, manifestly under the mistaken impression that a judgment obtained under those allegations would not be affected by the bankruptcy proceedings. Upon discovering his error, and ascertaining that any judgment obtained in a suit on the notes would be barred by the discharge in bankruptcy, he moved to amend and sue for the fraud disaffirming the contract. The conduct of the plaintiff and the contents of his

pleadings indicated plainly these facts, and it was no error
for the Circuit Judge to leave the question to the jury as to
whether the statements of the original complaint indicated
an intention to waive the tort.   Even direct allegations of
fact in an original pleading inconsistent with those of the
amended pleading, are not conclusive in a trial on the
amended pleading, but only evidence of admissions to be
weighed with any other evidence on the subject.   *Hall* v.
*Woodward,* 30 S. C., 564, 9 S. E., 684.

The Court did not submit to the jury the construction of
the pleading, but told them, in considering whether the plain-
tiff had waived the fraud in suing on the contract, they
should consider the allegations of fraud in the original com-
plaint.

The defendant insists that a nonsuit should have been
granted for the reason that plaintiff undertook to sue for the
fraud without returning the notes.   The notes did not oper-
ate as payment.   If proving the notes as debts against
the bankrupt does not operate as a bar to an action
like this for fraud, certainly a failure to return them
could not be so regarded.   Indeed, sec. 57 of the bankrupt
law requires notes to be filed with the proof of claim, so that
they are ordinarily presumed to be in the hands of the officer
of the Court.   If the notes had passed from the hands of
the plaintiff and ceased to be his property, so that he could
not have them in Court to return, as in *Townsend, Arnold
& Co.* v. *Stevenson & Walker,* 4 Rich., 59, this defense
would be stronger.   The rule invoked by defendant stands
on the reason that the seller should not be allowed to have the
sale annulled for fraud, while he held something received in
the trade which might be of value to him or bring loss to
the buyer.   In this case the undisputed evidence was that
the notes were in the hands of the plaintiff at the time of the
trial.   They could be of no value to the plaintiff, because,
by pressing to judgment this suit to annul the sale, he has
conclusively elected to repudiate them.   The notes being
overdue, an assignee of plaintiff would stand in no better

position. Hence they were as absolutely destroyed as if they had been cancelled and returned.

Having endeavored to consider all the positions taken by defendant in his exceptions, we are unable to discover any error in granting the motion to amend, or in refusing the motion for nonsuit, or in the charge to the jury.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.