## SUTTON v. CATAWBA POWER CO.

PLEADINGS.—THE AMENDMENTS permitted to the complaint after verdict and new trial ordered do not amount to the insertion of a distinctly new cause of action, but fall within the rule permitting amendments by inserting other allegations material to the case.

Before Townsend, J., York, November, 1903.  Affirmed.

Action by A. E. Sutton against Catawba Power Co. From order permitting complaint amended, defendant appeals.

*Messrs. Wilson & Wilson,* for appellant, cite: *These amendments set up one or more new causes of action:* Bryant on Code Plead., 282.

*Mr. Jas. F. Hart,* contra, cites: *The amendments do not state a new cause of action, but only make a well rounded one:* 64 S. C., 249; 21 S. C., 558; 56 S. C., 35; 53 S. C., 340; 26 S. C., 422; 16 S. C., 231; 54 S. C., 114. *Any amendments may be allowed before trial:* 53 S. C., 341; 58 S. C., 468; 50 S. C., 398; 30 S. C., 512.

November 29, 1904.  The opinion of the Court was delivered by

Mr. Justice Jones.  This is an appeal from an order of Judge Townsend, allowing the complaint to be amended after a new trial ordered by Judge Dantzler.  The original complaint relevant to the amendatory matter was as follows:

"3. That on and before the 18th day of April, 1901, the defendant herein began the construction of a dam from the east bank of Catawaba River, about three hundred yards above plaintiff's lands, for the purpose of impeding and storing the waters of said river; and also on the west side of said river at a point a short distance below where the unfinished dam projected into the same, had built of stone and timber an extensive structure known as a coffer-dam, of a height of about thirty feet, which extended from the west bank of said river to and beyond the middle thereof one hundred and fifty feet.

"4. That owing to the wanton and negligent manner in which said coffer-dam was constructed and without due regard to the rights of plaintiff herein, the flood waters of

said Catawba River were, on or about the said 18th day of April, 1901, and days following, thereby diverted from their proper channel by the obstructions aforesaid, and were turned with great force and in great volume upon and across the lands of plaintiff, tearing away protective embankments, tearing up and washing off the soil, and depositing sand and other worthless substances thereon, and rendering a large part of the same unfit for cultivation and of no value whatever.

"5. That by reason of said continued coffer-dam obstruction in said river, which was subsequently, in the early summer of 1901, built and extended yet further into and across said river, the flood waters of said river thereafter continued to be diverted from their proper channel, and were driven over and across plaintiff's lands, tearing up and carrying away the soil of other portions of her said lands, and depositing other said and worthless substances thereon, and rendering other large portions thereof unfit for cultivation or other use.

"6. That said coffer-dam obstruction of the height aforesaid is yet standing from the west bank into and partly across the said river, and is daily being extended further into and across the same. And plaintiff alleges that by reason of the natural embankments protecting her said lands from flood waters having been destroyed, as herein alleged, and by reason of the continued diversion of said river from its natural course at seasons of flood, the remaining portions of her said lands will be destroyed and rendered valueless.

"7. And plaintiff alleges that she has sustained injury and damage to the value of her said lands and the income and profits accruing therefrom by reason of the negligent and improper construction of the said dam and coffer-dam, in disregard of her rights and of defendant's duty, to the amount of ten thousand dollars."

The complaint as amended reads as follows:

"3. That prior to the 18th day of April, 1901 (as it was

authorized by statute to do, subject to the provision that it should be liable for all damages caused by its so doing), the defendant herein began the construction of a dam across the said Catawba River from the east bank of the river about three hundred yards above plaintiff's lands, for the purpose of impeding and storing the waters of said river; and also to the west side of said river at a point a short distance below where the unfinished dam projected into the same, had built of stone and timber an extensive structure known as a coffer-dam, of a height of about thirty feet, which extended from the west bank of said river to and beyond the middle thereof one hundred and fifty feet.

"4. That owing to the construction of the said dam and coffer-dam in the said navigable stream, and to the wanton and negligent manner in which said dam and coffer-dam were constructed, without due regard to the rights of plaintiff herein, the waters and flood waters of said Catawba River were, on or about the said 18th day of April, 1901, and days following, diverted from their proper channel by the obstructions aforesaid, and were turned with great force and in great volume upon and across the lands of plaintiff, tearing away protective embankments, tearing up and washing off the soil, and depositing sand and other worthless substances on the land, rendering a large part of the same unfit for cultivation and of no value whatever.

"5. That by reason of said continued coffer-dam construction in said river, which was subsequently, in the early summer of 1901, built and extended yet further into and across said river, the flood waters of said river thereafter continued to be diverted from their proper channel and were driven over and across plaintiff's said lands, tearing up and carrying away the soil of other portions of her said lands and depositing other sand and worthless substance thereon, and rendering other large portions thereof unfit for cultivation or other use.

"6. That said coffer-dam obstruction of the height afore-said is yet standing from the west bank into and partly across the said river, and is daily being extended further into and across the same. And plaintiff alleges that by reason of the natural embankments protecting her said lands from flood waters having been destroyed, as herein alleged, and by reason of the continued diversion of said river from its natural course at seasons of flood, the remaining portions of her said lands will be destroyed and rendered valueless.

"7. And plaintiff alleges that she sustained injury and damage through the injury and damage to her said lands, and the lessening of the income and profits accruing there-from, by reason (of the construction of the said dam and coffer-dam), and the negligent and wanton manner of their construction, in disregard of her rights and of the defend-ant's duty, to the amount of ten thousand ($10,000) dol-lars."

In permitting the amendment, the Court said: "It is not intended by this order, nor is it the true meaning of the order, to add a third cause of action to the complaint based upon the mere construction of the dam. The amendment is allowed for the purpose of stating more clearly the plain-tiff's alleged causes of action, for (1) constructing the dam and coffer-dam without due regard to the rights of the plaintiff; and (2) constructing the dam and coffer-dam in a negligent and wanton manner."

The question raised by the exceptions is whether the allowance of the amendment permitted plaintiff to insert a new cause of action. While the Code does not authorize the substitution of a new cause of action by way of amendment, yet sec. 194 gives very large powers of amendment, and the exercise of such powers will not be disturbed except for abuse of discretion. *Ruberg* v. *Brown,* 50 S. C., 397, 27 S. E., 873. The amendment proposed should be material to the case, which has been defectively stated, and must not substantially change the cause of action. *Proctor* v. *Rail-*

*way,* 64 S. C., 49, 42 S. E., 427.   We do not think that the amendment allowed amounts to the insertion of a distinctly new cause of action, but falls within the rule permitting amendments, "by inserting other allegations material to the case."

The judgment of the Circuit Court is affirmed.