6895

## KNIGHT, YANCEY & CO. v. ÆTNA COTTON MILLS.

Amending Pleadings.—A complaint in a cause of action for failure to deliver cotton in the future may be amended before trial so as to cure defective statements of the facts constituting such cause of action under Section 194 of Code of Procedure. What is the rule as to the power of the court to permit amendments before or during trial under Section 194 of Code of Procedure?

Before Purdy, J., Union, June, 1907.   Affirmed.

Action by Knight, Yancey & Co. against Ætna Cotton Mills.   From order permitting plaintiffs to amend their complaint, defendant appeals.

*Messrs. James Munro* and *Stanyarne Wilson,* for appellant, cite: 8 Ency., 1007, 1010; 45 S. C., 368; Code 1902, 2310; 72 S. C., 37; 18 S. C., 316; 57 S. C., 266; 24 S. C., 476.

*Messrs. Sanders & DePass,* contra, cite: 72 S. C., 35; 45 S. C., 344; 64 S. C., 246; 35 S. C., 361; 73 S. C., 368; 70 S. C., 266; 68 S. C., 506; 30 S. C., 564.

April 24, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal herein is from an order of Judge Purdy, granting plaintiffs leave to amend the complaint.

Of the five causes of action attempted to be stated, the first four related to the recovery of loss or damage by reason of defendant's failure to comply with the terms of four contracts for the future delivery of spot cotton, the first being for $731.25, with interest from November 1, 1905, on October, 1905, contract for 250 bales of cotton; the second for $437.50, with interest from December 1, 1905, on November, 1905, contract for 250 bales; the third for $437.50, with interest from January 1, 1906, on December, 1905, contract for 250 bales, and the fourth for $306.25, with interest from February 1, 1906, on January, 1906, contract for 250 bales. In alleging the said causes of action, plaintiffs failed to bring themselves within the requirement of Section 2310, Civil Code, as construed in *Barr* v. *Satcher*, 72 S. C., 38, which holds that in order to bring an action under this section the plaintiff must allege:

1st. "That the party making the contract for the sale of cotton for future delivery was the owner or assignee thereof at the time the contract was made; or, 2d. That the seller was at the time authorized by the owner or assignee or his duly authorized agent to make such sale; or, 3d. That it was the *bona fide* intention of both parties, seller and buyer, at the time of making such contract, that the cotton should be actually delivered and received in kind at the future period mentioned."

On discovering this deficiency in the complaint and before trial, plaintiffs served notice of motion to amend so as to make the necessary allegations as required by the statute, accompanied by proposed amended complaint, the notice stating that when the original complaint was served, the law requiring facts to be set out as stated in the amended complaint was overlooked and the attention of counsel was not called to it until after the receipt of Volume 72 of the South Carolina Reports.

Judge Purdy granted the amendment on the ground that the complaint presented good causes of action, defectively stated, and that the amendment would not make new causes of action.

The appellant contends that the amendments should not have been allowed, that the complaint stating no cause of action whatever, under *Barr* v. *Satcher,* 72 S. C., 38, 51 S. E., 530, it was out of the power of the Court to order the amendment.

We do not think the appellant's contention can be sustained. If this were so, no pleading demurrable for insufficiency could ever be amended. The power of amendment by the Code in the furtherance of justice is so very large that its exercise by the Court will rarely be disturbed, because it will seldom happen that the Court will exceed its power or abuse the wide discretion given it in such matters. This power is, however, not unlimited, and it is a mistake to suppose that any and everything that may be proposed by way of amendment is allowable, provided it is proposed before trial.

The power granted the parties to make voluntary amendments as matter of course is regulated by section 193 of the Code, which permits any pleading to be once amended before the period for answering expires, or, if not done for purpose of delay, within twenty days after service of an answer or demurrer.

Amendments by the Court are regulated by Section 194, which provides: "The Court may, before or after judgment, in furtherance of justice and on such terms as may be just, amend any pleading, process or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." This section is a limitation on the power of the Court to grant amendments. The nature

of the amendment must be such as to make it fall within one
of the four classes provided for: (1) adding or striking out
the name of any party; (2) correcting a mistake; (3) in-
serting other allegations material to the case; (4) conform-
ing the pleadings to the facts proved; and when an amend-
ment is proposed the question is, first, one of power: "Does
the amendment fall within either of the four classes named?"
If it does not, then the Court has no power to grant it.    If
it does, then it is not grantable as matter of course, but the
Court is called upon to exercise its discretion and determine
whether the proposed amendment is "in furtherance of jus-
tice," and may impose such terms as may be proper.

It will be further noticed that the above section imposes
no limits as to time, except in the fourth class of amend-
ments.    The express provision is that the amendments may
be allowed "before or after judgment," which of course
means "at any time."    *Kennerty* v. *Etiwan Phosphate Co.*,
21 S. C., 242.    The fourth class of amendments necessarily
must be made *after trial begun,* for in no other situation
could the amendment conform the pleading to the facts
proved, but as to the other classes of amendment it is purely
arbitrary, when the question is one of power, to distinguish
between amendments before trial and after trial.    The ten-
dency to do so grows out of the mistake of applying to the
whole of Section 194 language which is only properly ap-
plicable to the fourth class of amendments in said section.
When, however, the question is one of discretion, whether the
admitted power should be exercised, then the Court may well
consider the timeliness of the motion, as it is manifest that
motions to amend made before trial will work less inconve-
nience or surprise to the adverse party than if made after
trial begun.    Any attempt, therefore, to limit the provisions
of Section 194 to motions made after trial begun, except as
to the fourth class of amendments, must be regarded as
unauthorized by the section.    If such were not the case, then
there would be absolutely no provision in the Code for
amendment between the expiration of twenty days after

answer or demurrer, as provided in Section 193, and the beginning of the trial, if that be the limitation of Section 194.

With respect to the nature of the amendments allowable under Section 194, the decisions of our Court are in great conflict. Without attempting to be exhaustive, one line of cases holds that before trial amendments may be allowed which insert a new cause of action. Among these cases are: *Nesbitt* v. *Cavender,* 27 S. C., 1; *McDaniel* v. *Monroe,* 63 S. C., 308, 41 S. E., 456; *Machine Co.* v. *Alexander,* 68 S. C., 506, 47 S. E., 711.

Other cases hold that amendments may be allowed before trial which insert or substitute a new defense. Among these are the leading cases of *Hall* v. *Woodward,* 30 S. C., 564, 9 S. E., 684, and *Jennings* v. *Parr,* 54 S. C., 110, 32 S. E., 73.

Since the cause of action is single and the defenses thereto may be manifold, it is apparent that stating new defenses may be allowable when stating a new cause of action would not be. With respect to the bringing of the action the Code declares that it must be commenced by the service of a summons. If a defendant should be summoned into Court on one cause of action and kept there involuntarily on another, as to that cause of action, he would be compelled to answer without a summons. But there is no such obstacle in allowing a new defense to the cause of action stated in the complaint.

On the other hand, the Court has expressly held that the Code does not authorize the substitution of a new cause of action by way of amendment, and that the amendment proposed should be material to the case, which has been defectively stated, and must not substantially change the cause of action. *Ruberg* v. *Brown,* 50 S. C., 398, 27 S. E., 873; *Proctor* v. *Railway,* 64 S. C., 491, 42 S. E., 427; *Sutton* v. *Catawba Power Co.,* 70 S. C., 270; 49 S. E., 863; *Manufacturing Co.* v. *Iron Works,* 75 S. C., 350.

In the case of *Pickett* v. *Railway,* 74 S. C., 236, 244, 54 S. E., 375, the Court calls attention to this conflict and sug-

gests as a possible explanation or reconciliation of the cases on the subject that, "while a distinctly new cause of action may not be inserted by way of amendment, new facts or issues relating to the cause of action attempted to be stated may be allowed as amendments."

The latest case on the subject, *Kennedy* v. *Hill,* filed March 4, 1908, 79 S. C., 270, 60 S. E. Rep., 689, declared that the amendments allowable must be in furtherance of justice and fall within one of the classes named in Section 194.

The occasion perhaps does not justify such extended reference to the subject of amendment, but the writer hopes thereby to arrest attention to the confusion and conflict among our cases with a view that some definite rule may be declared for future guidance, based upon the view that the power to amend, whether before or after trial, is limited by the terms of Section 194.

Coming now to the case in hand, we think the Circuit Court had the power to amend because the amendment falls under the third class named in Section 194, the same being "other allegations material to the case." The original complaint manifestly sought to allege causes of action under Section 2310 of the Civil Code, and the amendments were merely to cure defective statements of the facts constituting such causes of action. The Court having the power to allow the amendment, nothing is suggested on the record tending to show that the amendments were not in furtherance of justice or that there was any abuse of discretion in exercising the power.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE POPE *concurs with some doubt.*

MR. JUSTICE WOODS, *concurring.* I concur in the result. As suggested in the opinion of Justice Jones, the apparent conflict in the decisions of the Court is due in some degree. to the fact that the Court has not stated in any instance the

distinction so important to be kept in mind between the cause of action and the relief sought. The cause of action, whether in tort or contract, consists of the primary right of the plaintiff with the defendant's corresponding primary duty to respect it, and the defendant's wrongful act or omission in violation of plaintiff's primary right. The remedy or relief asked is entirely different. The plaintiff may ask equitable relief for the invasion of a legal right, or a legal remedy for the invasion of an equitable right, or he may ask damages appropriate to an action for tort, where he has stated only a breach of contract.    But none of these errors make the complaint demurrable for failure to state a cause of action.

The power of the Court to allow amendment "by correcting a mistake in the name of a party or a mistake in any other respect," it seems to me is unlimited, except by the obligation imposed by the statute on the Court to see that the amendment is in furtherance of justice, and that such terms are imposed as may be just.    There must be a *bona fide* mistake in setting forth the plaintiff's rights and the defendant's invasion of them.    Unless the amendment proposed relates to the same transaction or the same subject as the original complaint, then it is manifest the plaintiff can not claim to have made a mistake in the matter to which his pleading relates.

When, however, the plaintiff makes the mistake of supposing one of his rights has been invaded by the defendant in one transaction or a series of transactions relating to the same subject, and discovers another and different right was in fact invaded, it seems to me to be within the power of the Court when it appears to be in furtherance of justice, to grant the amendment, though in strictness the amendment amounts to a change of the cause of action.

The limitation of the power of amendment to conform the pleadings to the facts proved that the amendment shall not change substantially the claim or defense, it seems to me, is by its terms applicable only to amendments proposed while the Court is hearing the evidence or after it has heard it,

and not before the trial.   *Hall* v. *Woodward,* 30 S. C., 564.
9 S. E., 684; *Machine Co.* v. *Alexander,* 68 S. C., 508, 47
S. E., 711.

MR. JUSTICE GARY *concurs in the result and in the opinion of* MR. JUSTICE WOODS.