13016

METTS *ET AL.* v. WENBERG

(155 S. E., 734)

*Messrs. J. LeRoy Dukes* and *Wolfe & Wolfe,* for appellants,

*Mr. T. B. Bryant, Jr.,* for respondents, cites:

November 5, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH.

On the 11th day of October, 1928, the appellant, a barber by trade, and then engaged in such business in the City of Orangeburg, S. C., and his wife, entered into a contract with the respondents, competitors in business, whereby in consideration of the sum of $10.00 and other valuable consideration, the wife sold to the respondents all fixtures and furnishings used in the barber shop operated by the appellant and the good will of the barber shop business and trade enjoyed by the said shop, and the appellant covenanted that he would "not during the next five (5) years hereafter engage in the barber trade directly or indirectly within the City of Orangeburg."

The appellant and his wife thereafter left the City of Orangeburg, and for a considerable time he pursued his calling in the City of Wilmington, N. C. He and his wife returned to Orangeburg about the 7th day of April, 1930, presumably on account of the impaired health of his wife, and admits that he was at the commencement of this action, engaged in his trade; that he was in the employment of H. C. Fabian, who owns and operates a barber shop within the limits of the City of Orangeburg; and that he was working for a compensation under the usual commission terms as generally recognized in the barber trade.

This action was commenced on the 9th day of April, 1930, in the Orangeburg County Court, for the sum of $2,500.00 damages, and to enjoin the appellant from engaging further in the barber trade during the term of said contract; the contention being that his employment as above stated is in violation of the terms thereof.

The appellant admits the execution of the contract, but denies that he has violated the same as urged, and contends that it was only within the contemplation of the contracting parties that the appellant should be prohibited from opening and operating a barber shop; that such contract did not prevent his working under a contract of employment in a shop in which he had no proprietary interest, and that any other

construction would render such contract unlawful and void as being wholly unreasonable, contrary to public policy, and in unlawful restraint of trade.

At the April, 1930, term of the County Court, the cause was heard by the Hon. B. H. Moss, County Court Judge, who had previously denied an injunction *pendente lite*. At the conclusion of the testimony, and before the argument, the appellant submitted a motion to the Court to amend his answer so as to conform the same to the proof offered and to make available the plea that inasmuch as the testimony offered showed that the property sold, and the incident good will, were the exclusive property of the wife of appellant and that the additional restrictive covenant on the part of the husband was voluntary, lacking in mutuality, and without consideration, which motion was denied.

The presiding Judge thereafter rendered a decree in favor of the respondents wherein all the contentions of the appellant were denied, and it was further adjudged that the appellant should not, prior to the 11th day of October, 1933, the expiration of the five-year period, pursue his trade directly or indirectly by operating a barber shop as the owner or proprietor, or by working as a barber in any barber shop within the City of Orangeburg owned or operated by any person, firm or corporation.

The appeal presents for the determination of the Court the questions: (1) As to whether or not the amendment should have been allowed; (2) whether the contract in question is subject to the objections urged; (3) if valid, whether its provisions include such employment as appellant was engaged in; and (4) whether injunctive relief should have been granted.

In our well-established system of judicial procedure, a very liberal provision is made for the allowance of amendments to pleadings in furtherance of justice by the statute (Section 436, Code of Civil Procedure 1922), and while the application of the Code provision is a limita-

tion on the power of the Court to grant an amendment (*Knight v. Cotton Mills,* 80 S. C., 213; 61 S. E., 396), and the proposed amendment thereunder must come within one of the classes designated therein (*Knight v. Cotton Mills, supra*), it is not grantable as a matter of course and the exercise thereof has been wisely made the subject of a sound judicial discretion (*Knight v. Cotton Mills, supra; Hamilton v. Hamer,* 99 S. C., 31, 82 S. E., 947), not ordinarily disturbed by the Court, except in the case of an obviously erroneous exercise thereof (*Smith v. Railway Company,* 80 S. C., 1, 61 S. E., 205), which, it will suffice to say, is not disclosed by the record in this case.

Whatever may have been the rule in regard to the ■ validity of agreements in restriction of the right of one to exercise his trade or calling under the early English common-law decisions (6 R. C. L., page 785), it is now generally held in substantially all the American jurisdictions that such contracts in partial restraint of trade will, in conformity with the just and equitable principles of the common law, be generally upheld and enforced if (1) supported by a valuable consideration, (2) if reasonably limited as to time, and (3) if reasonably restricted as to the place or territory, that is, where the time is not more extended or the territory more enlarged than essential for a reasonable protection of the rights of the purchasing party. 6 R. C. L., pages 791, 795; *Carroll v. Giles,* 30 S. C., 418, 9 S. E., 422, 4 L. R. A., 154; *Reaping Company v. Hardware Company,* 75 S. C., 378, 55 S. E., 973, 9 L. R. A. (N. S.), 501, 9. Ann. Cas., 902.

These essential requirements are so obviously present in this case as to make any lengthy discussion thereof entirely unnecessary.

The testimony shows that the real consideration for ■ the sale was $1,000.00. Mrs. Wenberg testified that while she owned everything in the shop, her husband had executed with her permission a chattel mortgage thereon

to secure the payment of $270.00, which indebtedness was assumed by the respondents as a part of the purchase price. The appellant as the result of this agreement was thereby relieved of his obligation, evidenced by the chattel mortgage, which certainly constituted a valuable consideration for his execution of the contract, the sufficiency or adequacy of which is not the subject of judicial inquiry under the relief sought and facts in this case. 14 R. C. L., page 393.

With regard to the restrictive elements of time and territory, there is nothing to indicate that either the period of five years on the one hand, or the territorial extent of the corporate limits of the City of Orangeburg on the other, considered alone and without regard to any surrounding facts and circumstances which might effect a reasonable protection of the rights of the purchasing party, imposes unreasonable limitations in regard to either. In fact, the appellant testified that in his present work he was now serving some of his old customers, and such is to be expected where the patronage in such calling is often influenced by the personal element and association as well as by skill and efficiency in the arts of the trade.

The next inquiry is, assuming the contract to be valid and enforceable, whether the stipulation "not to engage in the barber trade directly or indirectly within the City of Orangeburg" is broad enough to cover the case of employment in a barber shop without ownership or any proprietary rights or interests therein with compensation on the usual percentage basis.

We do not think the contract in question is susceptible of any doubt as to its clear import. The use of the words "barber trade" as indicating the character of the service, and the words "directly or indirectly" as embodying the extent of the limitations within plain contemplation of the parties, would clearly prevent such employment as the appellant has undertaken.

It has been held that the stipulation in a contract against a re-engagement in a particular business will not allow the contracting party to re-enter the same business as an employee of another. 12 R. C. L., pages 997, 998.

The remaining question is whether the Court in the exercise of its broad equitable power was in error in granting a permanent injunction.

While it is too well settled in our procedure to require the support of authority that injunctive relief may not be demanded as a matter of right, but properly rests in the sound discretion of the Court, directed and guided, however, by well-established principles, we find no difficulty in declaring that such relief was properly granted in this case. The inadequacy of a legal remedy is apparent when the difficulty of determining the exact measure of damages under the guidance of established legal principles is recognized, and it is obvious that a judgment only against the appellant would become the fruitless evidence of a legal right, in view of his insolvency shown by the absence of available property and an unsatisfied judgment against him at the time of the trial.

All the exceptions are overruled, and the judgment of this Court is that the judgment of the County Court of Orangeburg be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.