14141

ELLIOTT *ET AL. v.* CARROLL *ET AL.*

(184 S. E., 92)

*Mr. Francis F. Carroll,* for appellants,

*Messrs. Legare Walker, Jr.,* and *Benet, Shand & Mc-Gowan,* for respondents,

February 17, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This opinion is substituted for opinion in this case heretofore filed, and the former opinion is hereby withdrawn from the files of the Court.

This is the second appeal in this case.

The attorneys for respondents in the "statement" contained in their brief have succinctly stated the history of this litigation and is as follows:

"The history of the case is as follows: It is one for judgment against the defendant Francis F. Carroll, on his certain bond, and for the foreclosure of a certain mortgage of real estate, given to secure said bond. The said bond and mortgage were executed to Bank of Dorchester in October, 1919, and after maturity they were assigned by said Bank of Dorchester to Peoples State Bank of South Carolina, and its receivers, the respondents herein, are now the holders of the same.

"The suit was commenced in May, 1933, by the said receivers against the defendant Francis F. Carroll, the maker of the said bond and mortgage, and against the defendants Frances Eloise Carroll (now Plemmons), Julia Reynolds Carroll, an infant (now of age), and J. Waties Waring, trustee, said parties other than the defendant Francis F. Carroll being made parties because of a conveyance of the property covered by the said mortgage, to the said defendant J. Waties Waring, as trustee for the said Frances Eloise Carroll and Julia Reynolds Carroll, dated on August 5, 1922, and recorded on February 2, 1933.

"Francis F. Carroll was appointed as guardian ad litem of the infant defendant, Julia Reynolds Carroll (now of age), and as such guardian ad litem filed a formal answer on her behalf, and the defendant J. Waties Waring, trustee,

filed an answer alleging that the conveyance of the said property to him as trustee, created a passive trust and that title vested immediately in the *cestuis que trustent,* upon said conveyance.

"In his amended answer, filed in the said cause, the defendant Francis F. Carroll set up in a 'second defense' therein a claim by way of set off, to which said 'second defense' the plaintiffs demurred.

"In her amended answer, filed in said cause, the defendant Frances Eloise Carroll set up in a 'second defense' therein a claim by way of set off, to which said 'second defense' the plaintiffs demurred.

"The demurrers to the said answers were sustained by the Honorable M. M. Mann, Presiding Judge, and upon appeal to this Court, the said order sustaining the demurrers, was affirmed and is reported in 172 S. C., 276, 173 S. E., 908.

"After the remittitur had come down, the plaintiffs applied to his Honor, Judge Mann, for an order referring the cause to the acting master for Dorchester County, which said order was duly granted.

"After the filing of the said order of reference, the defendant Francis F. Carroll served upon plaintiffs' attorneys a notice of a motion to amend his answer, by setting up a certain new affirmative defense therein, and attached to said notice a copy of the proposed answer, designated 'twice amended answer' (Transcript, folios 9 and ff). The motion to amend was heard before the Probate Judge, as acting master for Dorchester County, and resulted in an order, refusing leave to the said defendant Francis F. Carroll to set up the new defense contained in his proposed 'twice amended answer.'

"Exceptions were taken to the said order of the acting master, and the same were heard before the Honorable C. J. Ramage, Presiding Judge of the Court of Common Pleas, and resulted in a decree of the said Judge Ramage, affirming the said order of the acting master, and adopting it as the order of that Court, and from this said decree, the

said defendant Francis F. Carroll has appealed upon the exceptions set forth in the transcript.

"The defendant Frances Eloise Carroll (now Plemmons), and the defendant Julia Reynolds Carroll, an infant (now of age), served upon the attorneys for the plaintiffs a notice of a motion for leave to file a *joint* supplemental answer, the proposed allegations of the supplemental answer being set forth in said petition. The motion also came on to be heard before the Honorable C. J. Ramage, Presiding Judge of the Court of Common Pleas, and resulted in an order in which the said defendants were refused leave to file the said proposed joint supplemental answer, and from this said order the said defendants have appealed to this Court upon the exceptions set forth in the transcript."

It is material to a proper consideration of this case to state in addition to the above "statement" that the new defense attempted to be interposed was that of "usury," pleaded as an offset and counterclaim to the mortgage debt.

The section of the Code allowing amendments to pleadings is as follows:

"§ 494. *Amendments by the Court.*—The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pledging, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The phrase in the above statute, "or by inserting other allegations material to the case," is the one upon which appellants must rely, and the new defense, of course, must also be "in furtherance of justice."

The apparent conflict in the decisions of this Court is fully discussed in *Knight, Yancey & Co. v. Cotton Mills,* 80 S. C., 213, 61 S. E., 396, 397, and from which we quote:

"With respect to the nature of the amendments allowable under Section 194, the decisions of our Court are in great conflict. Without attempting to be exhaustive, one line of cases holds that before trial amendments may be allowed which insert a new cause of action. Among these cases are *Nesbitt v. Cavender,* 27 S. C., 1, 2 S. E., 702; *McDaniel v. Monroe,* 63 S. C., [307], 308, 41 S. E., 456; *Standard Sewing Machine Co. v. Alexander,* 68 S. C., 506, 47 S. E., 711.

"*Other cases hold that amendments may be allowed before trial which insert or substitute a new defense.* Among these are the leading cases of *Hall v. Woodward,* 30 S. C., 564, 9 S. E., 684, and *Jennings v. Parr,* 54 S. C., 109, 110, 32 S. E., 73.

"*Since the cause of action is single and the defenses thereto may be manifold, it is apparent that stating new defenses may be allowable when stating a new cause of action would not be.* With respect to the bringing of the action the Code declares that it must be commenced by the service of a summons. If a defendant should be summoned into Court on one cause of action, and kept there involuntarily on another, as to that cause of action he would be compelled to answer without a summons. *But there is no such obstacle in allowing a new defense to the cause of action stated in the complaint.* [All italics added.]

On the other hand, the Court has expressly held that the Code does not authorize the substitution of a new cause of action by way of amendment, and that the amendment proposed should be material to the case which has been defectively stated and must not substantially change the cause of action. *Ruberg v. Brown,* 50 S. C., [397], 398, 27 S. E., 873; *Proctor v. Railway,* 64 S. C., 491, 42 S. E., 427; *Sutton v. Catawba Power Co.,* 70 S. C. [266], 270, 49 S. E., 863; *Leesville Manufacturing Company v. Morgan Wood & Iron Works,* 75 S. C. [342], 350, 55 S. E., 768."

It will therefore be observed that the cases holding that Section 494 of the Code does not authorize the substitution

of a new cause of action by way of amendment, and that the amendment proposed should be material to the case, which has been defectively stated, and must not substantially change the cause of action, refer entirely to amendments sought to be made in complaints and not answers.

Again quoting from *Knight, Yancey & Co. v. Cotton Mills, supra,* "It will be further noticed that the above section imposes no limits as to time, except in the fourth class of amendments. The express provision is that the amendments may be allowed 'before or after judgment,' which, of course, means 'at any time.' *Kennerty v. Etiwan Phosphate Co.,* 21 S. C. [226], 242, 53 Am. Rep., 669."

The case at bar does not fall in the fourth class referred to in the above quotation, the fourth class having been stated as "or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Trial had not begun.

Should the fact that this case had been to the Supreme Court after one amendment of the answers had been allowed affect in any way the granting of the right to further amend said answers?

We quote from *Taylor v. Railroad Co.,* 81 S. C., 574, 62 S. E., 1113, 1114, which appears to answer the above question. Quoting:

"There is as little doubt that, when the cause was sent back from this Court to the Circuit Court for a new trial, the power of the Circuit Judge to grant amendments before the new trial was the same as if there had never been a trial. *Hall v. Woodward,* 30 S. C. [564], 575, 9 S. E., 684; *Pickett v. Ry. Co.,* 74 S. C., 236, 54 S. E., 375. The power to allow amendments at this stage of the case is not affected by the fact that it is, as it should be, more difficult to convince a Judge that it would be in furtherance of justice to allow an amendment raising new issues, after the parties had been subjected to the expense and delay of a trial in the Circuit Court and on appeal in the Supreme Court."

When the Master refused to allow Francis F. Carroll to amend his answer by setting up the defense of usury, he based his refusal on the ground that he was without power to allow the amendment at that time, reciting the fact that the answer had theretofore been amended and that the case had been to the Supreme Court. It does not appear from the record that the Circuit Judge, in passing upon the exceptions to the Master's order refusing the amendment, exercised any of his discretionary powers with reference to the granting of the amendment, but merely passed upon the questions raised by the exceptions to the Master's order and affirmed the Master's order, which was to hold that Francis F. Carroll could not again amend his answer to set up the defense of usury, even though it be in furtherance of justice, and that the Master did not have the power to allow the amendment at the time it was proposed to so amend the answer. Both the Master and the Circuit Judge were clearly in error in holding as a matter of law that the defendant Francis F. Carroll could not at that stage of the case amend his answer setting up a new defense. Of course, if a trial of the case had been entered upon, he would have been too late.

A case directly in point is that of *Hamer v. David,* 124 S. C., 391, 117 S. E., 807, 809. At the time of a proposed amendment, the case had been to the Supreme Court and had been remanded to the Circuit Court. The referee refused to allow an amendment to the pleadings, setting up fraud on the part of Hamer in obtaining a contract involved in the suit, in which the referee stated that the amendment sought was not permissible under the law, but that if left to his discretion he would allow it. The Circuit Judge refused to overrule the order of the referee and on appeal to this Court, Mr. Justice Watts (afterwards Chief Justice), writing the opinion of the Court, stated:

"Both the referee and Circuit Judge based their orders on the law of the case, and did not refuse the order in the exercise of their discretion. The referee was in error in hold-

ing, under the law, he could not grant the order asked for; he had full and plenary power to do so in Code of Laws (Civil) 1912, § 332, under the decided cases of this Court. *Beall Co. v. Weston,* 83 S. C. [491], 495, 65 S. E., 823; *McKnight v. Cooper,* 27 S. C. [92], 94, 2 S. E., 842; *Pickett v. Railway,* 74 S. C. [236], 244, 54 S. E., 375; *Taylor v. Railroad Co.,* 81 S. C. [574], 579, 62 S. E., 1113; *Spears v. Railway Co.,* 92 S. C. [297], 300, 75 S. E., 498. An allowance of the amendment would have been promotive of justice. This Court has said in *Southeastern Life Insurance Company v. Palmer* [120 S. C., 490], 113 S. E., 310: 'Courts are practical, not technical.' The time is long since passed for the trial of cases by piecemeal by devious routes by a multiplicity of suits.

"The amendment should have been allowed, and the order appealed from is reversed, as it was based on a misconception of the law, and not upon an exercise of discretion."

A somewhat different situation arises with reference to allowing Eloise Carroll, now Plemmons, and Julia Reynolds Carroll to serve supplemental answers, which in effect were amended answers, setting up the same defense of usury proposed in the answer of Francis F. Carroll, since this motion was made direct before the Circuit Judge, who refused the motion to allow them to so file supplemental or amended answers, but in view of the order of the Circuit Judge sustaining the order of the Master refusing to allow Francis F. Carroll to amend his answer on the ground that the Court was without power to allow the amendment at the time it was sought to be made, we must assume that the Circuit Judge refused the motion of said Eloise Carroll (Plemmons) and Julia Reynolds Carroll for the same reason, but even if he exercised his discretion in refusing to allow the amendment, it would be an anomaly to allow the defendant-appellant Francis F. Carroll, to plead usury and deny this right to the defendants-appellants, Eloise Carroll (Plemmons) and Julia Reynolds Carroll,

who now hold the fee to the land pledged as security to the debt of Francis F. Carroll.

Even if the Circuit Judge did refuse to allow the ■ amendment as a matter of discretion, we would be inclined in this case to hold that he was wrong. This is not an ordinary case involving a question of ordinary civil liability. In this case the motion was made at a time when the failure to make it earlier could not possibly prejudice the other party and the motion relates to a transaction expressly declared illegal and outlawed under the statute law of the State, and for this reason greater liberality should be shown than in ordinary cases. The Court should never willingly lend itself to the suppression or condonation of any transaction outlawed by statute. This view should also be particularly applicable in a case where the receivers, who are acting solely under the authority of a Court, are resisting investigation of the transaction. The Court should not lend any aid to receivers particularly in defeating an investigation of transactions of this character. Of course, there may be no truth in the allegation, but the allegation is made presumably in good faith, and it would seem to be going very far to say under all the circumstances that it cannot be investigated.

For the reasons above stated, the orders of the Circuit Court are reversed, and the amendment to the answers allowed, and the case remanded for such other proceedings as should be had under the pleadings as amended.

Messrs. Justices Carter and Fishburne concur.

Mr. Chief Justice Stabler and Mr. Justice Bonham dissent.