14463

HICKS v. HICKLIN *ET AL.*

(190 S. E., 922)

October, 1936.

*Messrs. Thomas, Lumpkin & Cain,* for appellant,

*Messrs. Willcox, Hardee & Wallace, W. Stokes Houck* and *Heyward Brockinton,* for respondent.

April 12, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by Colie Hicks, plaintiff-respondent, against M. D. Hicklin and State Farm Mutual Automobile Insur-

ance Company, defendants, of which State Farm Mutual Automobile Insurance Company is appellant, was commenced in the Civil Court of Florence County for the purpose of obtaining judgment against the defendants on account of injuries alleged to have been received by the said Colie Hicks, then an infant, due to the alleged negligence of the defendants in the operation of a truck described in the complaint. The case comes to this Court on appeal from an order issued by his Honor, R. W. Sharkey, presiding Judge of said Court, refusing to permit the appellant to file an amended answer. The facts necessary for an understanding of the questions involved are set forth in the agreed statement of counsel, reading as follows:

"This action was instituted in the Civil Court of Florence County by the service of a summons on the 26th day of June, 1936, and seeks the recovery of damages for personal injuries alleged to have been sustained by the plaintiff as the result of the negligent and reckless operation of a motor truck owned by the defendant, M. D. Hicklin, on November 3, 1933; it being further alleged that the defendant, State Farm Mutual Automobile Insurance Company provided indemnity insurance for the said M. D. Hicklin upon his motor vehicle, as required by Chapter 162, and particularly Section 8511, Code of Laws of South Carolina, 1932.

"The defendant, State Farm Mutual Automobile Insurance Company, by its answer, denied the material allegations of the complaint and specifically denied that it had insured the motor vehicle referred to and described in the complaint against public liability, personal injury, or property damage, and alleged that at no time had it insured or caused to be insured any truck, tractor, or trailer belonging to the said Hicklin, and that it had at no time issued and delivered to the said Hicklin, or to the Public Service Commission of South Carolina, or to any other State authority, a policy or certificate evidencing insurance on any truck, tractor, or trailer owned or operated by the said Hicklin and accord-

ingly denied that it was liable on account of the matters and things set forth in the complaint.

"The defendant, Hicklin, also filed an answer wherein he denied the material allegations of the complaint as to negligence, but admitted that the defendant, State Farm Mutual Automobile Insurance Company, provided indemnity insurance for the said M. D. Hicklin as alleged in Paragraph 1 of the complaint.

"Before trial and on October 17, 1936, on which day the Florence bar met to arrange the roster of cases for trial for the term of Court which would convene on October 26, 1936, the defendant, State Farm Mutual Automobile Insurance Company, gave notice that it would move before the presiding Judge on the opening day of the next ensuing term of Court, this case having been put on the roster for trial on October 30, 1936, for an order allowing its answer to be amended by including as a separate defense therein the fact that its codefendant, M. D. Hicklin, was not at the time mentioned in said complaint operating the motor truck therein described under a certificate issued by the South Carolina Railroad Commission, or its successor, the Public Service Commission of South Carolina, nor was the said Hicklin licensed or authorized by said Public Service Commission to operate the motor vehicle over and along the highways of this State for compensation, and this defendant therefore is not a proper party to the suit, under the statute law of the State, and should therefore be dismissed and discharged as a party thereto."

Appellant bases its appeal to this Court, from the said order refusing the motion to amend, upon the grounds set forth in the following exceptions:

"1. Because his Honor, the presiding Judge, erred in overruling and denying the defendant's motion to be allowed to amend its answer in the particulars set out in the proposed amended answer, such error being that the additional defenses set out in such proposed amended answer are valid and available to the defendant and the establishment thereof

would constitute a full defense to the cause of action asserted against it, and by such refusal such defendant has been denied the full and equal protection of the laws.

"2. Because his Honor, the presiding Judge, erred in refusing to allow the proposed amendment to the answer because the motion for such relief was made before trial and the defendant had the right to plead as many defenses to the cause of action asserted against it as were available to it under the law as a matter of right.

"3. Because, it is respectfully submitted, his Honor, the presiding Judge, abused his discretion in refusing the defendant to amend its answer where the motion therefor was made before trial and the plaintiff would have had ample opportunity to prepare herself to meet the additional defense sought to be incorporated in the answer."

Under our view of the case it is not necessary to consider the exceptions separately, and we will consider them jointly.

Four or five months had elapsed since the case was commenced and answer duly filed. The order to allow the amendment could not be demanded as a matter of course, and the question presented to Judge Sharkey was a matter for his discretion. Our attention has been called to the case of *Elliott v. Carroll,* 179 S. C., 329, 184 S. E., 92. The facts of that case are not in line with the facts of this case and we cannot hold that Judge Sharkey abused his discretion in refusing to allow the amendment in the case at bar.

The exceptions are, therefore, overruled, and the order appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.